Harold G. COMPTON et al., Appellants,

v.

WILLIAMS BROS. PIPELINE COMPANY, Respondent.

No. 56555.

Supreme Court of Missouri, Division Two.

May 14, 1973.

Rehearing Denied June 11, 1973.

Norman A. Selner, Fortus & Anderson, Clayton, for appellants.

Robert V. Niedner, St. Charles, for respondent.

STOCKARD, Commissioner.

Plaintiffs have appealed from the judgment of the trial court in their action for actual and punitive damages against Williams Bros. Pipeline Company. At the time the notice of appeal was filed appellate jurisdiction was in this court by reason of the amount in dispute.

Appellants alleged, and presented evidence in support thereof, that they granted respondent an easement to construct and maintain a pipeline across their land, that respondent agreed to construct the pipeline south of the proposed location of an earthen dam, but that the pipeline was constructed north of the proposed dam across the area to be flooded. Appellants sought actual and also punitive damages. The trial court refused to submit the issue of punitive damages to the jury, and the jury returned a verdict for respondent on the issue of actual damages.

Appellants assert that the trial court erred in striking out certain evidence and instructing the jury to disregard it. Additional facts are necessary.

At the time respondent was obtaining easements for the construction of its pipeline the title to the land now owned by appellants was the subject of a suit for specific performance of a contract to sell brought by appellants against Dave and Viola Wilson. Respondents obtained an easement from the Wilsons across described land which included Lot 3 of the Northwest Quarter of Section 6, Township 46 North Range 2 West, and in that easement it was provided that "Grantee agrees to construct a proposed 8 inch pipeline so as not to interfere with dam site construction and to submerge and weight pipe in proposed lake area." The easement obtained from appellants Harold and Marcella Compton, executed approximately six weeks after the Wilson easement, was across Lots 2 and 3 of said Section 6, and it contained the provision that "in the event the pipeline laid under the terms hereof shall interfere with the removal of and/or supply of dirt for the earthen dam which grantor proposes to build at a distance of approximately 470 feet northerly from said line, * * * grantee shall be responsible for and pay any reasonable additional costs involved as a result of additional handling and drayage."

Appellant offered, and the court received in evidence over respondent's objection that it was not material, the easement granted by the Wilsons, but then struck out that evidence and instructed the jury to disregard it when it was shown that the easement had been released of record. Appellants' counsel stated that the easement was material to show that respondent "knew as early as September 1966, one month before [its] agreement with [appellants] where the lake was going to be and designated that they [sic] were going to flood it right in the very same sections that they actually constructed the pipe."

Respondent's evidence was to the effect that their agent attempted to and did locate the proposed dam site as described by appellants, and constructed the pipeline south of that location.

We cannot determine whether appellants contend that the offered evidence was material to prove the pipeline was constructed at a place other than that agreed to, in which event it would bear only on the issue of actual damages, or whether it was offered to show actual knowledge of respondent of the location of the proposed dam, which would bear on the issue of appellants' right to punitive damages. As subsequently noted, the verdict of the jury,

if sustained, has resulted in the elimination of the issue of punitive damages. However, we shall consider the evidence as though offered to show that respondent constructed the pipeine at a place other than it agreed to do so, and bearing on the issue of actual damages.

Appellants argue that the Wilson easement was material when considered with other evidence. Their reasoning is as follows: Exhibit 2 showed a preliminary proposed location of the pipeline across Lot 3, and the Wilson easement indicated that the pipeline would be in the flooded area. Exhibit 8–B shows that the location of the pipeline as constructed does not vary materially from the proposed location shown on Exhibit 2. The easement from the appellants includes Lot 2, which lies south of Lot 3, and the actual location of the dam site, at least as contended by appellants, is in Lot 2. Appellants argue that when the Wilson easement is considered with these other exhibits it was material to show that respondent knew the dam site was south of where the pipeline was constructed.

The above argument was not presented to the trial court, but only the conclusion that the Wilson easement was material to show that one month before appellants' easement was executed respondent "knew where the lake was going to be." Respondent asserts that this might be correct as to the lake proposed by the Wilsons, but not necessarily so as to the location of the dam proposed to be built by appellants.

■ When there was no showing that the proposed plans of the Wilsons and those of the appellants were the same, the terms of the released easement executed by the Wilsons would not be material to show the knowledge of respondent as to the proposed location of a dam by appellants. While it is not necessary in an offer of proof, and we consider the statement of appellants' counsel quoted above to constitute such an offer, that every basis upon which the evidence is offered be stated,

State ex rel. State Highway Commission v. Bruening, 326 S.W.2d 305 (Mo.1959), it is essential that counsel state what is expected to be proved by the offered evidence so the court may determine its materiality. William Wurdack Electric Mfg. Co. v. Elliott & Barry Engineering Co., 207 S.W. 877 (Mo.App.1919). When the offered evidence does not patently show its materiality, as was true in this case, it is not sufficient to state only an unsupported conclusion. Under all the circumstances the admissibility of this evidence was highly questionable. "[T]he admissibility of questionable evidence is considered to be a matter within the sound discretion of the trial court." Lawson v. Cooper, 475 S.W. 2d 442 (Mo.App.1972). No abuse of discretion is found.

Appellants next challenge the refusal of the trial court to permit evidence of respondent's net worth and income, and also challenge the refusal of their requested instructions submitting the issue of punitive damages.

Appellants argue that they made a case for the allowance of punitive damages. We shall not review or examine that evidence because by the jury verdict the issue of punitive damages has been made moot.

■ It is the long accepted rule that actual or nominal damages must be recovered before punitive damages can be recovered. Adelstein v. Jefferson Bank and Trust Company, 377 S.W.2d 247 (Mo.1964); Coonis v. Rogers, 429 S.W.2d 709 (Mo. 1968); Scheid v. Pinkham, 394 S.W.2d 570 (Mo.App.1965). By reason of a trial resulting in a jury verdict in favor of respondent on the issue of actual damages, that issue is now res judicata, and in no event can respondent be entitled to an award of punitive damages. Therefore, assuming that a submissible case for the award of punitive damages was established by the evidence, but we do not so hold, ap-

pellants are not now entitled to the submission of that issue to a jury.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM: The foregoing opinion by STOCKARD, C.; is adopted as the opinion of the Court.

All of the Judges concur.