**William J. LONGMORE,
Plaintiff-Appellant,**

v.

**William D. MERWIN, D.D.S.,
Defendant-Respondent.**

No. 39352.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 31, 1979.

Donald M. Witte, Clayton, for plaintiff-appellant.

Richard O. Funsch, Justin C. Cordonnier, St. Louis, for defendant-respondent.

KELLY, Judge.

Appellant, William Longmore, instituted this malpractice action for the alleged negligence of the respondent, a dentist, in extracting the wrong tooth. In addition to actual damages appellant sought punitive damages, but at the close of appellant's evidence the trial court sustained respondent's motion for directed verdict on the issue of punitive damages. The actual damages issue was submitted to the jury and a verdict for the respondent was returned. Appellant then appealed from the judgment entered on the jury verdict contending that the trial court erred in failing to sustain his motion for new trial on the grounds that the verdict was against the weight of the evidence and that the trial court erred in sustaining respondent's motion for directed verdict at the close of appellant's case with respect to his claim for punitive damages.

Whether a verdict is against the weight of the evidence is for the trial court to determine, not for the reviewing court. *Robbins v. Robbins*, 328 S.W.2d 552, 556(7) (Mo.1959). While in a rare case a reviewing court may set aside a verdict on the ground that it is against the weight of the evidence, this is not a case in which we should digress from the general rule. When a case depends on oral evidence, as did this case, the weight and value of the evidence is for the jury and the trial court. *Robbins v. Robbins*, supra, l.c. 556(10). We decline appellant's invitation to reverse and remand the judgment of the trial court on this ground.

As to appellant's contention that the trial court erred in directing a verdict for the respondent at the close of appellant's evidence on the punitive damages issue, we find no merit because the verdict

reached by the jury on behalf of the respondent renders that issue moot. In *Compton v. Williams Bros. Pipeline Company*, 499 S.W.2d 795 (Mo.1973) the trial court refused to permit evidence of respondent's net worth and income and refused to give requested instructions submitting the issue of punitive damages to the jury. In disposing of the appellant's contention that the action of the trial court in refusing to submit the punitive damages issue to the jury constituted error, the court held that by reason of a trial resulting in a jury verdict in favor of the respondent-defendant on the issue of actual damages, that issue was res judicata, and in no event could the respondent be entitled to an award of punitive damages, even had a submissible case on the issue of punitive damages been made. 499 S.W.2d l.c. 797–798. This result is dictated by the long accepted rule that actual or nominal damages must be recovered before any punitive damages can be recovered. *Coonis v. Rogers*, 429 S.W.2d 709, 716[16] (Mo.1968); *Adelstein v. Jefferson Bank & Trust Co.*, 377 S.W.2d 247, 252[4] (Mo.1964); *Scheid v. Pinkham*, 394 S.W.2d 570, 572[3] (Mo.App. 1965).

Judgment affirmed.

STEPHAN, P. J., and STEWART, J., concur.