**REED DATSUN, INC.,**
**Plaintiff-Appellant,**

v.

**GENERAL ACCIDENT FIRE AND LIFE INSURANCE CORPORATION, LTD.,**
**Defendant-Respondent.**

**No. 51418.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 24, 1987.

Edward J. Smith, St. Louis, for plaintiff-appellant.

Eugene K. Buckley, St. Louis, for defendant-respondent.

SATZ, Presiding Judge.

Plaintiff, Reed Datsun, Inc. (Datsun), sued defendant, General Accident Fire and Life Insurance Corporation, Ltd. (General Accident), for breach of contract. A jury returned a verdict in favor of General Accident. Reed Datsun appeals. We affirm.

General Accident issued a policy of insurance to Reed Datsun. The policy insured Reed Datsun from loss arising out of the operation of vehicles left with it for sale or service. This liability coverage was $100,000 per person.

In August, 1978, a car driven by one of Reed Datsun's employees was involved in an accident. A minor, Jennifer Tinker, was seriously injured, and suit was filed on her behalf against Reed Datsun. Reed Datsun turned over the defense of this suit to General Accident. General Accident accepted the defense and employed counsel, John Bauman, to represent Reed Datsun. The jury in this suit, Tinker v. Reed Datsun, returned a verdict in favor of Tinker in the amount of $160,000.00. As a result of this verdict, Reed Datsun was exposed to liability in excess of the policy limits, $60,000.00.

Reed Datsun then brought this present action against General Accident, alleging General Accident failed in bad faith to settle the Tinker suit within the policy limits. At trial, the evidence showed that both General Accident and Bauman regarded the Tinker suit as one of clear liability. Bauman negotiated with Tinker's attorney before that trial but no settlement was reached. Reed Datsun's evidence of the settlement negotiations during that trial differs from General Accident's evidence.

Reed Datsun's evidence, if believed, showed Tinker's counsel offered to settle before trial for $78,000.00, but General Accident refused, despite the clear liability and the request to settle within the policy limits.

General Accident's evidence showed that, on the first day of trial, Reed Datsun's personal attorney delivered a letter to Bauman, demanding the case be settled within the policy limits. Reed Datsun had a corporate representative present throughout that trial, and Bauman conveyed to him all the information about the case. At the close of Tinker's evidence, Bauman moved for a directed verdict, but Tinker's counsel was permitted to re-open his case and given a brief continuance to bring in an out-of-town witness. Tinker's counsel then indicated he would recommend a settlement of $78,000.00. After closing arguments, General Accident offered $78,000.00, but Tinker's counsel rejected that offer and increased his demand. The jury here, apparently chose to believe this version of the evidence and returned a verdict in favor of General Accident.

■ On appeal, Reed Datsun argues the trial court erred in excluding from evidence an inter-office memorandum of General Accident. Reed Datsun, however, made no offer of proof at the time of the trial court's ruling nor did it make it a part of the record at trial. This issue, therefore, is not preserved for review. *E.g. Ransom v. Adams Dairy Co.*, 684 S.W.2d 915, 920 (Mo.App.1985).

Understandably, Reed Datsun did not make the memo part of its record on appeal. Apparently, out of caution, General Accident did include the contents of the memo in its brief. We appreciate General Accident's concern. We are bound, however, by the trial record, and, on that record, we are, like the trial court, unable to know what the evidence would have been and whether it was prejudicial error to exclude it. *E.g. Salsberry v. Archibald Plumbing & Heating Co.,* 587 S.W.2d 907, 915 (Mo.App.1979). Admittedly, earlier in the trial, at a bench conference, Reed Datsun stated generally the purpose of admitting this evidence, but this general statement falls far short of a proper offer of proof and certainly does not change the fact the memo was never made part of the trial record.

Reed Datsun also argues the verdict was against the weight of the evidence. On review, we do not address this issue. The weight of the evidence is a question for the jury and trial court to determine. *E.g. Longmore v. Merwin,* 585 S.W.2d 545 (Mo.App.1979).

Judgment affirmed.

KELLY and CRIST, JJ., concur.