**William TODD, Appellant,**

v.

**Loyd WATSON and Garnell Watson, Respondents.**

**No. 56865.**

Supreme Court of Missouri, Division No. 2.

Nov. 12, 1973.

Melvin D. Benitz, St. Charles, for appellant.

W. C. Whitlow, D. James Mariea Whitlow & Riley, Fulton, for respondents.

BRUCE NORMILE, Special Judge.

Plaintiff-employce appeals from jury verdict and judgment in favor of defendants-employers.

Plaintiff was employed by the defendants as a bricklayer in the construction of their home. Plaintiff had been working on a stone fireplace at the time of the alleged injury. Petition alleged that plaintiff was injured when he slipped and fell while carrying a large and heavy stone by himself on wet and slippery ground. Defendants' negligence was submitted on their failure "to provide: (a) reasonably safe conditions for work,[1] or (b) reasonably adequate help . . ."

Defendants pleaded plaintiff's contributory negligence by his failure "to look about him to ascertain where he was walking or stepping . . ." and his failure " . . . to ask the defendants, their agents or employees for help or aid of any sort . . ."

On this appeal, plaintiff asserts error in the giving of Instruction No. 4 which submitted plaintiff's contributory negligence. This Instruction was in the following form:

"Instruction No. 4:

Your verdict must be for the defendants if you believe:

First, plaintiff either: Knew of the conditions for work or had reasonably adequate help; and

Second, plaintiff's conduct, in any one or more of the respects submitted in paragraph first, was negligent; and

1. When submitting failure to provide "reasonably safe conditions for work" in non-F.E.L.A. cases, counsel should examine Ricketts v. Kansas City Stock Yards Company of Maine, 484 S.W.2d 216, 222 [4, 6] (Mo. banc 1972), decided subsequently to the trial of the instant case.

Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained."

"An essential element of contributory negligence is that the person charged *acted or failed to act* with knowledge and appreciation, actual or constructive, of the danger of injury which his conduct involved . . . ." Davidson v. International Shoe Co., 427 S.W.2d 421 (Mo.1968). (Emphasis added.) As stated at 65 C.J.S. Negligence § 2(6), p. 469: "It is, accordingly, well settled that actionable negligence may consist of, or be based on, either omission or commission, or it may consist of both omission and commission. Misfeasance, nonfeasance, or both together may constitute negligence. Negligence may consist of the omission of the performance of a duty, as well as of the improper or careless manner in which a duty is attempted to be performed."

Section 284, Restatement of Torts 2nd states: "Negligent conduct may be either: (a) an act which the actor as a reasonable man should recognize as involving an unreasonable risk of causing an invasion of an interest of another, or (b) a failure to do an act which is necessary for the protection or assistance of another and which the actor is under a duty to do."

■ Knowledge of a fact is not itself an act or omission. Thus, plaintiff's knowledge of the conditions for work could not alone constitute negligent conduct. Similarly, an external fact, such as availability of help, is not itself an act or omission. Thus, the external fact submitted, that plaintiff ." . . . had reasonably adequate help," could not constitute negligent conduct on the part of the plaintiff.

■ Instruction No. 4 did not require a finding in Paragraph First of *any* act or omission on the part of the plaintiff which could constitute negligent conduct as submitted in Paragraph Second of the Instruction. It certainly did not submit the con-

tributory negligence pleaded. Instruction No. 4 is prejudicially erroneous because it did not submit the ultimate facts of contributory negligence and because it constituted a roving commission to the jury. See Moore v. Quality Dairy Co., 425 S.W. 2d 261, 266 [10] (Mo.App.1968); Emery Bird Thayer Dry Goods Co. v. J. C. Nichols Co., 427 S.W.2d 492, 498 [7] (Mo. banc 1968).

Nonetheless, defendants contend that the judgment should be affirmed because the trial court erred in denying their motion for directed verdict.

In determining this issue, we must consider the evidence in a light favorable to the plaintiff and take his evidence as true, giving him the benefit of all reasonable inferences arising from the evidence, rejecting all unfavorable inferences and disregarding the defendants' evidence unless it aids the plaintiff's case. Vaeth v. Gegg, 486 S.W.2d 625, 628 (Mo.1972); Capriglione v. Southwestern Bell Telephone Co., 376 S.W.2d 205, 206 [1] (Mo.1964): " . . . (A)n issue is for the jury to decide unless the evidence and the reasonable favorable inferences therefrom 'are so strongly against plaintiff as to leave no room for reasonable minds to differ.' " Capriglione, supra, 376 S.W.2d 206 [3]; Wehrkamp v. Watkins Motor Lines, Inc., 436 S.W.2d 698, 700 (Mo.1969).

In support of their contention, defendants first urge that plaintiff's evidence was not sufficient to submit the defendants' negligence to the jury.

■■ Although he is not an insurer, it is the duty of the employer to use all ordinary care to see that the place of work is reasonably safe for his employees and that suitable instrumentalities are provided. Hightower v. Edwards, 445 S.W.2d 273 (Mo. banc 1969); Hulsey v. Tower Grove Quarry & Construction Co., 326 Mo. 194, 30 S.W.2d 1018 (1930). It is also the duty of the employer to furnish a sufficient number of men to do the work with rea-

sonable safety to all those engaged in its accomplishment. Hulsey v. Tower Grove Quarry & Construction Co., supra; Johnson v. Missouri-Kansas-Texas Railroad Co., 334 S.W.2d 41 (Mo.1960); 56 C.J.S. Master and Servant § 308, p. 1070.

On the issue of failure to provide reasonably safe conditions for work, there was evidence that the area where plaintiff fell had been filled with a big tractor, was not graded and was awfully rough; that the ground around the stone pile had filled with water, slush and snow; that the ground where plaintiff fell between the stone pile and stone saw was muddy and sloppy; and that the water tank on the stone saw was sometimes emptied on the ground at the end of the day. There was evidence that plaintiff had objected about the conditions, complaining that: ". . . the stone ought to be gotten out of there and brought in a dry place so we have a decent place to get them." There was also testimony that defendants had placed boards under the stones to keep them out of the mud.

On the issue of failure to provide reasonably adequate help, there was testimony that it was the custom for bricklayers to stand in a particular place and have bricks and stones brought to them by laborers; that on this job help in carrying the heavy stones was sometimes provided and sometimes was not provided; that plaintiff had often requested help from the job foreman in carrying these stones; that the stone plaintiff was carrying when he fell weighed 116 pounds, was 48 inches long, 8 inches thick, and 4 inches high; that it required two people to carry or lay such a stone with efficiency and safety; that it was the custom in the area to provide sufficient help to carry such stones; and that rules of the Local Bricklayers Union required two men to carry concrete blocks weighing over 40 pounds.

It may be noted that the above facts are very similar to those in the Hulsey case, supra. Plaintiff there was injured from a fall while he and another workman were carrying a 320 pound stone. The pleaded negligence included a failure to provide a safe place to work and a failure to furnish a sufficient number of men to do the work. There was evidence that the quarry floor was muddy and slippery; that the foreman refused to furnish additional help, although requested; and that it was customary to use more than two men in carrying similar rocks under similar conditions. A verdict for plaintiff was affirmed.

■ In this case it is obvious that the muddy conditions in the area involved were far more dangerous for the carrying of heavy stones than for other uses. Conversely, because of the muddy conditions, the need for additional assistance in carrying the heavy stones was more pronounced, "It is axiomatic that whether one is negligent depends upon all of the existing and surrounding circumstances as well as one's particular conduct which is charged as constituting negligence. An act or omission which is negligent in some circumstances may not be negligent in others." Capriglione v. Southwestern Bell Telephone Co., 376 S.W.2d 205, 208 [4, 5] (Mo.1964). Under all the evidence favorable to the plaintiff in this case, it is clear that reasonable minds could differ as to whether defendants exercised ordinary care in providing reasonably safe conditions for work and in providing reasonably adequate help. The evidence was sufficient to submit these issues to the jury.

Defendants next assert that they are entitled to a directed verdict because plaintiff's evidence was without probative value in that it was contradictory and based upon conjecture. This assertion is based on the fact that plainitiff was the only witness as to the fall and on an alleged inconsistency in his testimony. Plaintiff testified as to the fall that: "When I picked it up, my right foot went forward and I went like that, of course, I'm a pretty good-sized fellow and I am strong and when I pulled back together, that's when I hurt myself." Defendants urge that this raises a question as to whether plaintiff was injured by the slip *or* by his decision to pull his legs back

together without dropping the stone. They assert that the decision to pull his legs back together constituted a separate, independent and intervening cause of injury.

■ "To be a legal cause of harm to another one's conduct must be a substantial factor in bringing about the harm." Restatement of Torts 2d, § 431; Ricketts v. Kansas City Stock Yards Co. of Maine, supra. If that is the case, a defendant " . . . will not be absolved from liability merely because other causes have contributed to the result, since such causes, innumerable, are always present." Prosser, The Law of Torts, § 41, p. 240 (4th Ed. 1971). The plaintiff's movements as he fell were a foreseeable intervening force within the scope of the original risk and of the defendants' negligence. Prosser, supra, § 44, p. 273. " 'Generally, it is sufficient to constitute proximate cause that the negligence charged was the efficient cause which set in motion the chain of circumstances leading up to the injury. The test is not whether a reasonably prudent person would have foreseen the particular injury but whether, after the occurrences, the injury appears to be the reasonable and probable consequences of the act or omission of the defendant.' " Foley v. Hudson, 432 S.W.2d 205, 207 [2] (Mo.1968).

We do not find plaintiff's evidence to be contradictory or conjectural in this regard nor do we find an intervening cause of injury. The evidence was sufficient to submit the issue of causation to the jury.

Defendants finally argue that plaintiff's case was not submissible because it was based upon conjecture in that there was inconsistent testimony relating to the date of injury. Plaintiff testified at trial that the injury occurred on or about April 10, 1967. There was some evidence inconsistent with this. One of plaintiff's physicians testified that he first saw plaintiff on May 24, 1967, at which time plaintiff said he had been having pain in his right hip for about a month and that he had been up on some scaffolds when he began to have pain in his hip. A hospital record indicated the

"onset of illness as May 25th, 1967." However, the physician who made that entry first saw plaintiff on July 11, 1967, and also testified to a history of the injury sometime in April.

■ We need not consider whether these inconsistencies in the medical history are those of the plaintiff or of the physicians or other medical personnel who recorded them. In considering the issue of submissibility, we examine the evidence in the light most favorable to the plaintiff. In doing so, we find that the plaintiff's case was properly submissible without permitting speculation or conjecture on this basis.

The trial court did not err in overruling defendants' motions for directed verdict. Therefore, because of the error in giving of Instruction No. 4, the judgment is reversed and the cause is remanded.

HENLEY, P. J., MORGAN, J., and DONNELLY, C. J., concur.

FINCH, J., not a member of Division when cause was submitted.