**Edward C. WELDON,
Plaintiff-Respondent,**

v.

**TOWN PROPERTIES, INC.,
Defendant-Appellant.**

No. 41967.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 30, 1982.

Motion for Rehearing and/or Transfer Denied May 14, 1982.

Application to Transfer Denied June 14, 1982.

---

1. See *State v. Wood,* 596 S.W.2d 394, 400 (Mo. banc 1980).

Frances H. Kennedy, Jr., St. Louis, for plaintiff-respondent.

George F. Kosta, Robert L. DeVoto, Barbara L. Beran, Susman, Schermer, Willer & Rimmel, St. Louis, for defendant-appellant.

SIMON, Judge.

Defendant, Town Properties, Inc., appeals from a judgment entered pursuant to a jury verdict in the Circuit Court of the City of St. Louis. Plaintiff-respondent, Edward Weldon, filed a multi-count action against defendant for forcing open the front door of his apartment and repossessing his piano. Originally Weldon named several defendants in the action, but prior to the conclusion of the case he settled with all the defendants except his landlord, Town Properties, Inc. The jury returned verdicts for Weldon on two counts. In one count Weldon sought damages for trespass and in the other count he sought damages for conversion. On the trespass count the jury

awarded Weldon "zero" actual damages and $4,500 punitive damages. On the conversion count the jury awarded $2,501 in actual damages. The trial judge entered judgment for $4,500 as to the first count and $2,500 as to the second count.

In its appeal Town Properties makes seven specific assignments of error. Town Properties argues that the trial court erred in overruling its motions for directed verdict or, in the alternative, a new trial in that: (1) the evidence was insufficient to show that the acts of Town Properties' maintenance man in assisting in the repossession were done in the scope and course of his employment; (2) the evidence was insufficient to show that Town Properties exercised any control over Weldon's piano; (3) the jury's award on the trespass count of "zero" actual damages and $4,500 punitive damages was fatally defective; (4) the jury's award of $2,501 was not based on sufficient evidence but upon mere speculation; (5) the trial court failed to instruct the jury on the existence and effect of Weldon's settlements with other defendants; (6) the trial court's verdict directors improperly assumed the existence of the disputed fact that Barker, the maintenance man, was acting in the course and scope of his employment; (7) the trial court improperly submitted a single instruction on the issue of punitive damages. We reverse the judgment of the trial court.

Before proceeding to the issues, we shall summarize the factual setting. At the time this suit arose, Weldon resided in a rented apartment at 4444 West Pine in the City of St. Louis. Town Properties owned and managed Weldon's apartment complex. Weldon, a professional music director, had fallen behind in his installment payments for his piano. Defendant, Baldwin Piano & Organ Company, which had sold the piano to Weldon, hired defendant, AAA Personal Contacts, Inc. (AAA), to either collect the debt owed or repossess the piano. On August 19, 1976 an employee of AAA, William Harriman, and his helper, Eugene Hernandez, went to Weldon's apartment building and spoke with Esther Englemann, the building manager. They showed her a work order from AAA to pick up the piano. At trial, Englemann testified that she did ·not read the work order and claimed that Harriman told her it was a replevin. Without any further inquiry, Englemann gave the keys to Weldon's apartment to Don Barker, the building maintenance man. Barker, Harriman and Hernandez proceeded to Weldon's apartment. Barker knocked on Weldon's door for several minutes. Although Weldon was in his apartment he did not answer the door; he stated that he took a shower. Barker tried to unlock the door, but it would not open because Weldon had installed a sliding dead bolt lock. Barker then proceeded to pry open the door. The men entered the apartment and Harriman and Hernandez began wheeling out the piano. At about this time Weldon came into the room and saw his piano being removed. Apparently a few words were exchanged and the men left with the piano. Weldon never saw his piano again.

■ The first issue which we shall consider involves Weldon's conversion claim. The jury awarded Weldon $2,501 for actual damages, and the trial judge entered a judgment for $2,500. Town Properties argues that there was insufficient evidence to support the jury's verdict. We agree. Our courts have stated the general rule for determining damages in suits for conversion of ordinary personal property as, "the reasonable market value of the personal property at the time of the conversion." *Breece v. Jett*, 556 S.W.2d 696, 709 (Mo.App.1977). Our court in *Breece* further stated: "It is not essential that proof of the value of converted property be confined to the very time of the conversion, and it is sufficient that there be evidence tending to prove the value within a reasonable time before or after a conversion. However, the time must be reasonable." *Id.*

■ The only evidence which related to the value of the piano was that Weldon purchased it for $1,220 in October of 1974. Weldon introduced no evidence of any damages resulting from his loss of use of the piano. Without deciding whether Weldon

could have proven $2,501 in actual damages, we hold that there was no justifiable basis for the jury's award.

■ The next issue with which we shall concern ourselves involves the trial court's punitive damages instruction. The trial court submitted the issue of punitive damages on both counts together in one instruction. Town Properties contends that the trial court erred in not submitting separate instructions on punitive damages for each count. We agree and, accordingly reverse the judgment of the trial court with respect to the trespass count.

Our court faced a similar issue in *Breece v. Jett, supra.* In *Breece* our court held that the trial court erred in submitting a single punitive damage instruction in a two count case. In *Douglas v. Hoeh,* 595 S.W.2d 434 (Mo.App.1980), our court distinguished *Breece,* noting that the failure to submit a separate punitive damages instruction for each claim was not necessarily erroneous. In *Hoeh,* each of the two counts was identical, except one contained a provision for vicarious liability. Our court found that a single punitive damages instruction may be adequate where the course of conduct in each of the verdict directors was identical.

In the present case the two counts refer to separate and distinct courses of conduct, trespass and conversion. The punitive damages instruction was confusing and misleading to the jury because it permitted the jury to award punitive damages under the trespass count even if the jury found Town Properties' conduct malicious on the conversion count only.[1] In view of this confusion we are constrained to reverse the trial court's judgment with respect to the trespass count and remand for a new trial.[2] Although not raised by Town Properties, we note that the trial court also submitted a single general damages instruction. On

retrial, the trial court should, for the reasons noted above, submit separate, independent damage instructions for each count.

■ While our decision regarding these issues is dispositive of this appeal, we shall touch briefly upon the remaining issues likely to recur during the course of a new trial. We turn first to Town Properties' contention that there was insufficient evidence to establish a conversion. Our courts have held that a tortious taking of another's property is a sufficient base upon which one may bring a suit for conversion. *Arnold v. Prange,* 541 S.W.2d 27, 30 (Mo.App. 1978). The fact that Town Properties did not take ultimate possession of the piano will not defeat Weldon's action as there is sufficient evidence that Town Properties exercised dominion over the piano inconsistent with Weldon's rights. *McCullough v. Beatty Oil Co.,* 444 S.W.2d 53 (Mo.App. 1969). There was ample evidence from which the jury could have found that Barker's actions constituted an exercise of dominion over the piano inconsistent with Weldon's rights. Town Properties also contends that the verdict directors improperly assumed that Barker acted within the scope and course of his employment. Having examined the instructions, we find no merit to this contention.

The last issue which we will address concerns the jury's verdict on Weldon's trespass claim. Town Properties contends that the trial court erred in entering judgment pursuant to a defective jury verdict.

■ Missouri follows the general rule that there can be no recovery for punitive damages unless actual damages are also recovered. *Compton v. Williams Brothers Pipeline Co.,* 499 S.W.2d 795, 797 (Mo.1973); *Longmore v. Martin,* 585 S.W.2d 545, 546 (Mo.App.1979). In the case at bar the jury

---

1. The pertinent part of the punitive damages instruction is as follows:

   "if you believe the conduct of defendant Town Properties, Inc., as submitted in Instruction No. 6 or No. 8 was willful, wanton or malicious, then in addition to any damages to which you find plaintiff entitled under [the trespass count] or [the conversion count] you may award plain-

   tiff an additional amount as punitive damages. . . ."

2. This reasoning cannot serve as a basis for reversing the judgment on the conversion claim because on that claim the jury did not award punitive damages. Therefore Town Properties, Inc. was not prejudiced.

found the issues in Weldon's favor on the trespass claim, but awarded punitive damages only. Examining the substantive law of trespass our court has stated: "Every unauthorized entry is a trespass, regardless of the degree of force used, even if no actual damages is done, or the injury is slight...." *Mawson v. Vess Beverage Co.*, 173 S.W.2d 606, 612 (Mo.App.1943). On retrial, assuming Weldon demonstrates that Town Properties is liable for trespass, he would be entitled, as a matter of law, to at least nominal compensatory damages, even if he is unable to show that he suffered any actual damage. *Wright v. Edison*, 619 S.W.2d 797, 803 (Mo.App.1981).

The judgment of the trial court is reversed and remanded for a new trial.

SATZ, P. J., and SMITH, J., concur.