**James L. McKAMELY, Plaintiff-Respondent,**

v.

**Peggy Lee HESSION, a minor, and Dorothy J. Hession, Defendants-Appellants.**

**No. 49466.**

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 4, 1986.

James B. Kleinschmidt, St. Louis, for defendants-appellants.

Robert E. Rapp, Clayton, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from a judgment entered in the Circuit Court of the City of St. Louis, awarding plaintiff damages in a multi-count action seeking recovery for the unauthorized taking and damaging of plaintiff's automobile. At trial, the case was submitted to the jury on one count of trespass and one count of conversion. The

jury returned a verdict for plaintiff in the amount of $2,100 in actual damages and $5,000 in punitive damages, and the trial court entered judgment in accordance with the verdict. We affirm.

The relevant facts are largely undisputed. On April 29, 1982, defendant, who was a minor under the age of seventeen at the time of the occurrence, spied plaintiff's Chevrolet Blazer on the street. Not knowing who owned the car, she found the keys, either as she contends, in the ignition or, as stated by plaintiff under the hood, and drove off. In the course of her drive, the car developed a flat tire, whereupon she parked the car on a side street, taking the keys home with her. Four or five days later she returned to the car, changed the license plates, and pulled the vehicle onto a major street where a passer-by changed the flat tire. She then drove around for more than an hour, picking up a girlfriend she happened to meet. Upon realizing that the police were following the car, she began speeding in an attempt to escape them, ultimately losing control of the vehicle which crashed into a fence, two cars, a curb, and finally a garage. The police returned plaintiff's vehicle, which he testified sustained damages of $2,100 to $2,200.

In defendant's first point on appeal she contends that the trial court erred in submitting the issue of punitive damages on both counts together in one instruction, in that a separate punitive damage instruction was required for each cause of action submitted to the jury. We do not agree. Instruction No. 13, which defendant complains of, reads as follows:

---

1. Instruction No. 8 provides:
   Your verdict must be for plaintiff, James McKamely if you believe:
   First, plaintiff had a right to possession of the 1973 Chevrolet Blazer, and,
   Second, defendant took the Blazer against plaintiff's will and in open defiance of plaintiff's right to possession, and,
   Third, defendant intended to deprive plaintiff of his right to possession, and,
   Fourth, plaintiff was damaged as a direct result of defendant's conduct.
   Instruction No. 10 provides:

If you find in favor of plaintiff under Instruction No. 8, or Instruction No. 10, and if you believe the conduct of defendant as submitted in either Instruction No. 8 or Instruction No. 10 was willful, wanton, or malicious, then in addition to any damages to which you find plaintiff entitled under Instruction No. 12, you may award plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish defendant and to deter defendant and others from like conduct.

Instruction No. 13 refers to two different verdict directing instructions, and thus, indirectly refers to two different counts, one in trespass and one in conversion.[1] Defendant relies on *Weldon v. Town Properties, Inc.*, 633 S.W.2d 196, 199 (Mo.App. 1982) for the proposition that where counts are given in both trespass and conversion, they refer to two separate courses of conduct, and the court must give a separate punitive damage instruction on each claim. This interpretation of *Weldon* must be distinguished as overly broad. Under the facts of *Weldon*, the trespass count related to an unauthorized entry into an apartment, while the conversion count referred to the repossession of personal property found in the apartment. Clearly, such courses of conduct were separate and distinct, requiring separate punitive damage instructions to be submitted. However, the mere fact that one count is brought in conversion and one in trespass does not automatically call for the imposition of this rule. As the Court noted in *Weldon:*

In *Breece [v. Jett*, 556 S.W.2d 696 (Mo. App.1977)] our court held that the trial court erred in submitting a single puni-

---

Your verdict must be for plaintiff, James McKamely if you believe:
   First, plaintiff had a right to possession of the 1973 Chevrolet Blazer, and,
   Second, defendant interferred with plaintiff's right to possession of the Blazer, and,
   Third, defendant intended to interfere with plaintiff's right to possession of the Blazer, and,
   Fourth, plaintiff was damaged as a direct result of defendant's interferring with plaintiff's right to possession.

tive damage instruction in a two count case. In *Douglas v. Hoeh*, 595 S.W.2d 434 (Mo.App.1980), our court distinguished *Breece*, noting that the failure to submit a separate punitive damages instruction for each claim was not necessarily erroneous. In *Hoeh*, each of the two counts was identical, except one contained a provision for vicarious liability. Our court found that a single punitive damages instruction may be adequate where the course of conduct in each of the verdict directors was identical. *Id.*

■ In the present case, the evidence reveals that defendant intentionally took plaintiff's car without permission, removed the license plates to avoid detection, and attempted to escape from the police, stopping only after multiple collisions made escape impossible. The trespass and conversion counts pertained to the same personal property, and the course of conduct complained of in the two counts was nearly identical. Under such circumstances, we fail to see how the jury could have been misled or confused.[2] The trial court did not err in submitting one punitive damage instruction on both counts.

In defendant's second point on appeal, she contends that the trial court erred in sustaining plaintiff's oral motion in limine to exclude evidence of collateral punishment received in proceedings before the juvenile court, asserting that such evidence is relevant to the issue of punitive damages.

In defendant's opening statement counsel said:

We're going to have testimony that shows—that will establish that Peggy Hession was caught for that, taking that vehicle, and she was punished. And she fulfilled all the terms of that punishment. And she's learned her lesson from that punishment.

And I think once you've heard that evidence, you'll come to the conclusion that she's been punished enough, she's learned her lesson, and that punitive damages are not in order in this case.

After opening statements, counsel for plaintiff made an oral motion in limine to exclude evidence relating to juvenile proceedings, claiming surprise at trial, based upon what had occurred at the taking of defendant's deposition. In addition, he objected on other grounds.

Prior to trial, during the taking of defendant's deposition, she made reference to her juvenile officer when plaintiff's counsel asked about contact with her passenger after the incident. Defendant's counsel objected stating, "I'm going to object to that as confidential information and not admissible in any way, shape, or form." Shortly thereafter, when plaintiff's counsel inquired into her convictions or guilty pleas, her counsel again objected saying, "I'm going to object on the grounds that she's a juvenile and that's confidential information, and I'm going to instruct her not to answer."

The trial court sustained plaintiff's motion, and during the trial defendant made an offer of proof attempting to show that she had been arrested and held for a time in a juvenile detention facility. She also endeavored to show the disposition of her case in juvenile court, including her compliance with the terms of court ordered supervision. The trial court sustained the objections to her offer of proof.

We find no Missouri cases holding that punishment received in collateral criminal proceedings can be used as evidence in mitigation of punitive damages. In some jurisdictions courts have found that while criminal punishment will not bar punitive damages, it is admissible in mitigation of damages. In other jurisdictions, evidence of a fine or other punishment is not permissible, even in mitigation of damages. 25 C.J.S. *Damages* § 127 (1966). Very few

---

**2.** We note that defendant admitted in closing argument that she was liable for the damage to plaintiff's vehicle.

appellate courts have been confronted with this issue.

■ It is not necessary, however, for the resolution of this case, that we determine whether evidence of criminal punishment is admissible in mitigation of punitive damages, since we are dealing here with juvenile proceedings. Proceedings under the juvenile code are civil, not criminal, in nature, in the sense that the state seeks to rehabilitate rather than to impose punishment. *See J.D.H. v. Juvenile Court of St. Louis County*, 508 S.W.2d 497, 500 (Mo. banc 1974). Clearly, evidence regarding such proceedings is not admissible in mitigation of punitive damages.

Furthermore, even had the evidence been admissible, the ruling in this case was clearly within the court's discretion. *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983). Under § 211.271(3), RSMo 1978, all reports and records of the juvenile court "are not lawful or proper evidence against the child and shall not be used for any purpose whatsoever in any proceedings, civil or criminal, other than proceedings under this chapter." While it is arguable that a party may waive the privilege conferred by the statute, defendant, at her deposition, clearly did not waive the privilege, and in fact, objected to a question regarding the juvenile proceedings. The trial court properly excluded this evidence.

Judgment affirmed.

DOWD, P.J., and CRIST, J., concur.