Tommy BASFORD *v.* WEYERHAEUSER COMPANY

CA 86-172                                    730 S.W.2d 916

Court of Appeals of Arkansas
En Banc
Opinion delivered June 17, 1987

*Randall G. Wright*, for appellant.

*Wood, Smith, Schnipper & Clay*, by: *Phillip M. Clay*, for appellee.

GEORGE K. CRACRAFT, Judge. Tommy Basford appeals from an order of the Arkansas Workers' Compensation Commission holding that his previously adjudged current-total disability had ceased, awarding him benefits for permanent-partial disability, and allowing the appellee, Weyerhaeuser Company, to credit all payments made for current-total disability against the present award of permanent-partial disability. We find error only in allowing the appellee to credit previous payments against the present award.

In July of 1979, the appellant sustained a compensable injury while in the employ of the appellee. On February 25, 1983, the Arkansas Workers' Compensation Commission entered an award upon finding that appellant had sustained an anatomical disability rating of fifteen percent to the body as a whole and that he was currently totally disabled, but reserved the determination of permanent disability until after the attempts at rehabilitation had been concluded. No appeal was taken from that order and it became final.

In May of 1985, the Commission found that appellant's current-total disability had ended and, after considering his anatomical disability along with other permissible work-loss factors, determined that he had sustained a permanent-partial disability of twenty-five percent to the body as a whole.

The appellant contends that the Commission erred in denying him further current-total disability benefits and that its findings in that regard are not supported by substantial evidence. Although appellant offered evidence to the contrary, the Commission found that further attempts at rehabilitation would be fruitless because he appeared to have no inclination to do anything other than work as an automobile mechanic, and, by his own admission, he was already an automobile mechanic. It further found that he knew how to repair small engines and there was work available for him in that field. The Commission

specifically found that his testimony that he was unable to perform any work lacked credibility.

On appellate review of workers' compensation cases, we view the evidence in the light most favorable to the Commission and affirm if those findings are supported by substantial evidence. *Bankston* v. *Prime West Corp.*, 271 Ark. 727, 610 S.W.2d 586 (Ark. App. 1981). Questions concerning the credibility of and weight to be given the evidence are exclusively within the province of the Commission. *Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 633 S.W.2d 196 (1984). From our review of the record, we conclude that there was substantial evidence to support the Commission's findings that the appellant's current total disability had ended and his disability, although permanent, was not total.

The Commission granted the appellee's motion that it be allowed to credit all current-total disability benefits paid from 1983 to the date of the 1985 hearing against any permanent-partial disability benefits awarded him. The Commission allowed that petition in the following language:

> [W]e find the respondent is entitled to such credit because since payment of current total disability benefits is certainly not payment of temporary (total) disability benefits, we think such payments must be construed as payment of permanent disability benefits.

We agree that the Commission erred in this ruling. At least since 1980, the Arkansas Workers' Compensation Commission and this court have recognized the Commission's authority to make awards for current-total disability to be followed by periods of permanent-partial disability. *See Sunbeam Corp.* v. *Bates*, 271 Ark. 385, 609 S.W.2d 101 (Ark. App. 1980). The Court of Appeals reaffirmed this concept in *Guffey* v. *Arkansas Secretary of State*, 18 Ark. App. 54, 710 S.W.2d 836 (1986). However, on April 13, 1987, the supreme court reversed our decision in *Guffey* and all prior decisions on that issue, declaring that our law does not authorize or recognize current-total disability benefits after the end of the healing period. *Arkansas Secretary of State* v. *Guffey*, 291 Ark. 624, 727 S.W.2d 826 (1987).

In 1983, when the Commission ordered current-total

disability benefits in this case, both the Commission and this court recognized the validity of such orders. The order was not appealed from and it became final and its terms binding on all parties. In 1985, when that period of current-total disability was terminated, the Commission should have applied the rules then in effect and judicially sanctioned. We conclude that the Commission under its own order was without authority to retroactively remit payments made for current-total disability or direct that they be treated as payments toward a future award of permanent-total disability. This cause is remanded for the entry of an order not inconsistent with this opinion.

Affirmed in part and reversed and remanded in part.