972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
INTERACTIVE VCR GAMES, INC., Appellant,
v.
THE GRAPHIC ARTS CENTRE, INC.; Keeler/Morris Printing Co.,
Inc. Appellee,
 No. 91-3385.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 15, 1992.
Filed: July 16, 1992.
 
 Before JOHN R. GIBSON, Circuit Judge, PECK,* Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Interactive VCR Games, Inc., appeals from a judgment entered on a jury verdict in favor of the Graphic Arts Centre, Inc. and Keeler/Morris Printing Company, Inc., on its claim for conversion. The only issues raised on appeal are claimed instructional errors. We affirm the judgment of the district court.[1]
 
 
 2
 Interactive based its conversion claim on Graphic Arts' refusal to return VCR game tapes. Interactive argues that the magistrate judge who tried the case committed reversible error by: (1) refusing to instruct the jury that the issues of good faith, motive, knowledge or ignorance, care or negligence are irrelevant to the law of conversion; and (2) giving defendants' proposed verdict director which required a finding of both ownership and entitlement to immediate possession of the tapes at the time of demand as prerequisites to conversion. Interactive also claims error in the damages instruction.
 
 
 3
 We review issues of state law de novo giving no deference to the ruling of the district court. Salve Regina College v. Russell, 111 S. Ct. 1219, 1221, 1224 (1991). The district court has broad discretion in instructing the jury; we review the instructions as a whole and reverse only if there is substantive error affecting the substantial rights of a party. United States Envtl. Protection Agency v. City of Green Forest, 921 F.2d 1394, 1406 (8th Cir. 1990), cert. denied, 112 S. Ct. 414 (1991).
 
 
 4
 As this is a diversity case with no precedential effect, and as we have unanimously concluded that the district court did not err, we need not discuss the issues at length.
 
 
 5
 Interactive first argues that a conversion claim is a strict liability claim, and therefore, the district court erred by refusing to instruct the jury that the issues of good faith, motive, knowledge or ignorance, care or negligence were irrelevant. Although these issues are generally not involved in conversion claims, Lacks v. R. Rowland & Co., 718 S.W.2d 513, 517 (Mo. Ct. App. 1986), we cannot conclude that the court erred by refusing to so instruct the jury in the circumstances of this case. These issues may be relevant to claims, such as the one here, arising out of a defendant's refusal to return goods when the defendant originally rightfully possessed the goods. See Glass v. Allied Van Lines, Inc., 450 S.W.2d 217, 221 (Mo. Ct. App. 1970) (when a stranger to a bailment demands property, the innocence of the bailee's possession, and continued possession, may be considered if the bailee had good faith belief that the bailor had an ownership interest in the property when the bailment commenced).
 
 
 6
 Interactive's second argument is also easily answered. Interactive claims that the magistrate judge erred by requiring a finding of both ownership and right to possession of the tapes to establish conversion. Interactive's pleading, however, alleges that it owned the tapes and demanded their return. Interactive's evidence also showed that its ownership of the tapes gave it the right to immediate possession. If there was any technical error in the instruction, which we do not believe that there was, it was harmless.
 
 
 7
 In light of our holding that the district court did not err in instructing the jury on the substantive elements of a conversion claim, we need not address the error claimed in the damages instruction. Suffice it to say, however, that we believe the instruction correctly defined the measure of damages as the fair market value at the time of conversion. Weldon v. Town Properties, Inc., 633 S.W.2d 196, 198 (Mo. Ct. App. 1982).
 
 
 8
 We affirm the judgment of the district court.
 
 
 
 *
 The HONORABLE JOHN W. PECK, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 [1]
 The Honorable Robert D. Kingsland, United States Magistrate Judge for the Eastern District of Missouri