COLLOTON, Circuit Judge,
concurring in part and dissenting in part.
I concur in all but Part III.B of the opinion of the court. As to that section, I do not agree that the jury’s award of punitive damages under Missouri law violates the substantive due process rights of Union Planters Bank, N.A. I would therefore affirm the judgment of the district court.
In considering whether the punitive damages were excessive, the district court concluded that the Bank’s unlawful trespass and conversion were “inextricably intertwined,” because the Bank trespassed on the property of JCB, Inc., for the sole purpose of taking possession of JCB’s equipment. The district court thus considered the two torts together when comparing the punitive damages (i.e., $1,150,000 *879 for conversion and $1,087,500 for trespass) with the compensatory damages (i.e., $1,450,000 for conversion and $1 in nominal damages for trespass). The court then concluded that “the jury’s punitive damages award of less than twice the actual damages was both reasonable and proportionate, considering the egregious nature of [the Bank’s] conduct.”
As the ease comes to us, the Bank does not challenge the district court’s application of Missouri law, ante, at 875 n. 8, so we presume that Missouri authorizes a punitive damages award of this amount under these circumstances. “In our federal system, States necessarily have considerable flexibility in determining the level of punitive damages that they will allow in different classes of cases and in any particular ease.” BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 568, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The Bank raises no claim that the procedures applied in this case were unfair, and a judgment that is a product of fair procedures “is entitled to a strong presumption of validity.” TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443, 457, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993) (plurality opinion); Gore, 517 U.S. at 586-87, 116 S.Ct. 1589 (Breyer, J., concurring).
In conducting its substantive due process analysis, the majority decides to examine separately the punitive damages awards for conversion and trespass, and thus emphasizes a comparison between the punitive damages award of $1,087,500 for trespass and a nominal damage award of $1. The majority never really explains, however, why this divide-and-conquer approach is dictated by federal constitutional law. It reasons instead that separate consideration of the two damages awards for constitutional purposes is “appropriate,” because the use of separate verdict forms at trial was “consistent with” Missouri law. Ante, at 874. But the Bank (and the majority) cannot have it both ways. If there is no challenge to the damages award under Missouri law, then the substantive due process challenge raised by the Bank presupposes that Missouri accepts the district court’s conclusion that the torts of conversion and trespass in this case were “inextricably intertwined,” and that the damages awards should be analyzed as such.
The relevant authority from Missouri, moreover, permits a jury to consider punitive damages together for trespass and conversion in certain circumstances. See McKamely v. Hession, 704 S.W.2d 701, 702 (Mo.Ct.App.1986). This precedent establishes that Missouri necessarily is content to consider punitive damages awards for separate torts in the aggregate when evaluating excessiveness, for it would be impossible to separate them once a jury returns a single award in accord with McKamely. That Missouri law sometimes requires separate punitive damages instructions on each tort to ensure that the defendant acted with the requisite mental state when committing each tort, see Weldon v. Town Prop., Inc., 633 S.W.2d 196, 199 (Mo.Ct.App.1982), says nothing about whether Missouri would aggregate the damages awarded for inextricably intertwined torts when considering excessiveness, once the necessary culpability is established. The absence of a challenge in this case to the punitive damages under Missouri law, which incorporates the federal constitutional standards into its state-law excessiveness inquiry, see Letz v. Turbomeca Engine Corp., 975 S.W.2d 155, 178 (Mo.Ct.App.1997), fortifies the conclusion that Missouri treats the torts in a manner that is most likely to make the State’s action constitutional. If Missouri law indeed required separate consideration of the two torts when evaluating the potential excessiveness of a damages award, then *880 Missouri law (incorporating the federal standards) would require a remittitur for the same reasons set forth in the majority’s analysis, and there would be no reason to declare Missouri law unconstitutional.
As a matter of federal constitutional law, I cannot say that Missouri’s decision to permit an award of punitive damages that is less than double the actual damages caused by the intertwined torts is state action that “furthers no legitimate purpose and constitutes an arbitrary deprivation of property.” State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 417, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). Both torts were necessary steps in the Bank’s course of conduct to harm JCB, and it is reasonable for a State to consider them together in assessing whether a punitive damages award is excessive. Although “[tjrespass and conversion protect distinct legal rights,” ante, at 874, the majority itself recognizes that “the trespass was done for the purpose of seizing and selling JCB’s collateral;” indeed, it was done solely for that purpose. Accordingly, I agree that “[t]he Bank’s trespass was sufficiently reprehensible to warrant a substantial penalty.” Ante, at 876. Once it is recognized that a State may consider the purpose of the trespass in determining punitive damages, I do not think constitutional law dictates that the State may give partial weight to the resulting conversion (thus justifying punitive damages of $100,000 for trespass, despite only $1 in actual damages for the trespass standing alone), but may not fully consider the conversion in determining punitive damages for the trespass that enabled the conversion.
Accepting that the State reasonably may consider the Bank’s course of conduct as a whole in assessing punitive damages, the relevant guideposts show that the punitive damages award is constitutional. See generally Gore, 517 U.S. at 575-85, 116 S.Ct. 1589. For the reasons stated in the majority’s analysis of reprehensibility, ante, at 875-76, the Bank’s conduct, viewed in the light most favorable to the verdict, supports an award of this magnitude under our precedents. Diesel Machinery, Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 839-40 (8th Cir.2005); Asa-Brandt, Inc. v. ADM Investor Serv. Inc., 344 F.3d 738, 746-47 (8th Cir.2003). The ratio of punitive damages as a whole to compensatory damages for the interrelated torts is less than 2:1, and thus well within the ratios approved by the Supreme Court and our court. Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 23-24, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991) (approving 4:1 ratio); State Farm, 538 U.S. at 425, 123 S.Ct. 1513 (noting that the Court in Gore “referenced a long legislative history, dating back over 700 years and going forward to today, providing for sanctions of double, treble, or quadruple damages to deter and punish,” and that these ratios are “instructive.”); Eden Elec., Ltd. v. Amana Co., 370 F.3d 824, 829 (8th Cir.2004) (approving 4.5:1 ratio); Diesel Machinery, 418 F.3d at 820 (approving 4:1 ratio).
The damages awards in this case are large, and the record would support inferences that cast the Bank’s actions in a more sympathetic light. But viewing the evidence in the light most favorable to the verdict, and giving Missouri the flexibility it is due in our federal system to further its legitimate interests in punishing unlawful conduct, I would affirm the judgment of the district court upholding the jury’s verdicts.