Kenneth **HOLIAN** et al., Appellants,

v.

Clara **GUENTHER** et al., Respondents.

No. 54964.

Supreme Court of Missouri,
Division No. 1.

Oct. 11, 1971.

Samuel Richeson, Nicholas G. Gasaway, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for appellants.

Emil L. Poertner, Washington, for respondent.

HOUSER, Commissioner.

Landowners' action to quiet title and bar adjoining property owners from claiming any title or interest in plaintiffs' land. Landowners prayed that they be declared the fee simple owners of the land and that defendants have no right, title or interest in the premises, and that title be quieted in plaintiffs. Defendants pleaded a right or interest in a roadway through the property by adverse use of the roadway by defendants and the general public for over 50 years; that defendants have the right to use the roadway as a means of ingress and egress to their property, and asserted by way of affirmative defense that (1) defendants had acquired an interest in and

right to use the roadway by the continuous, open, hostile, actual and open use of the roadway under claim of right known to plaintiffs and their predecessors for over 50 years, and (2) the roadway is a public road, having been used and maintained by the public for a period of over 10 years. Defendants prayed that they be adjudged to have a right or interest in the roadway as a way of ingress and egress to and from their land and that plaintiffs have no right to prevent them from continuing to use the roadway in the same manner and to the same extent that it has been used for a period of more than 10 years preceding this action.

The trial court found the issues for defendants; decreed that defendant Clara Guenther has an easement by prescription to the use of the roadway as a way of ingress and egress to and from her property; permanently enjoined plaintiffs from interfering with the use of the roadway by Clara Guenther, and ordered plaintiffs to remove any padlocks barring travel on the roadway. Plaintiffs have appealed from the judgment, contending first that the court erred in not finding that plaintiffs have the right to keep the gates closed and to padlock them against all persons other than Clara Guenther, provided she be furnished with a key, and second that the court erred in not requiring Clara Guenther to close the gates enclosing plaintiffs' land and lock the padlock at all times she finds the gates closed, and relock the padlock after passage. Alternatively plaintiffs claim that the trial court erred in not finding that plaintiffs acquired a prescriptive right to maintain the gates across the way. Plaintiffs do not seek to set aside the holding that defendant Clara Guenther has an easement across the land for use of the roadway. Their complaint is that Clara Guenther has been adjudged to have an

*unrestricted* easement. They seek an amendment or modification of the decree to restrict her to an easement right requiring her to leave the gates open or closed depending upon how she finds them upon approaching the gates. Plaintiffs state their position as follows: " * * * [S]ince defendant Clara Guenther acquired a passway by prescription with gates and padlocks thereon, she is restricted to the use of it with the gates and padlocks and is not entitled to have them removed; however, she is entitled to have keys."

Since plaintiffs prayed for the quieting of title, and defendants prayed for a decree determining the rights of the parties, and since the decree does establish the right of an easement in the use of the roadway by Clara Guenther, the relief sought does raise a "title issue" and the relief granted does directly operate upon plaintiffs' title "in some measure or degree," title to real estate is involved and we have jurisdiction. Chapman v. Schearf, 360 Mo. 551, 229 S.W.2d 552, 553, and cases cited [1].

Relying upon the rule stated in Chapman v. Schearf, supra,[1] and upon Henderson v. La Capra, Mo.App., 307 S.W.2d 59, plaintiffs maintain that there is no evidence that the passway over plaintiffs' land was acquired as an *open* passway; that all witnesses familiar with the passway testified to gates across the passway at both ends; that the past existence of such gates cannot be disputed; that the record shows that it was necessary in the past to enclose the field crossed by the passway; that plaintiffs purchased the property in 1963 and sometimes kept livestock in that field, and that the horses got out when the gates were opened up and the barbed wire cut; that gates are not practical hindrances or unreasonable obstructions and that the inconvenience to Clara Guenther in opening and

---

1. "If a way acquired by use, 'although well marked and defined, is restricted, during the time required for the establishment of the right, to a use and enjoyment thereof with bars or gates across it, the right acquired will be restricted to the same extent.'" 229 S.W.2d l. c. 555.

closing the gates and carrying the padlock keys will be small, whereas if plaintiffs cannot maintain gates and padlocks they will either be subjected to the expense of fencing on both sides of the passway for its entire length or be required to let the field lie fallow for lack of protection to crops and animals.

Defendants contend that the transcript is devoid of any evidence that any restriction was placed on the use of the road prior to the time plaintiffs purchased their land in 1963 or that passage over the way was restricted by gates or padlocks during the prescriptive period in which the easement was acquired.

Our duty is to review the case upon both the law and the evidence as in suits of an equitable nature and not set aside the judgment unless clearly erroneous, giving due regard to the opportunity of the trial court to judge of the credibility of the witnesses. Civil Rule 73.01(d), V.A.M.R.

There was substantial evidence of public user of this roadway over a period of many years. That Clara Guenther acquired a prescriptive right to the use of this roadway is not disputed by plaintiffs on this appeal. The property now owned by plaintiffs had been fenced for many years prior to the time Clara Guenther acquired title to the adjoining property. There was substantial proof that there were gates across the roadway both where the roadway entered and where it left the property and entered the adjoining property; that these gates were sometimes open and sometimes closed, depending upon whether previous owners had cattle in the field; that previous owners used the gates to control the cattle and opened and closed them depending upon whether they wanted to let their cattle in or out. Neighbor Leslie Collins, who came into the neighborhood in 1946, testified that he used the roadway "but there was gates to close, and if they was closed I closed them and if they were open

I would leave them open." Neighbor E. H. Britton, familiar with the road since 1947, testified that at all times there have been gates on the property; that sometimes they were open and sometimes closed, "according to whatever the owner wanted to do with them." Defendant Charles Guenther testified, "We always closed the gates."

■ "* * * [W]hen a way is claimed by prescription, the character and extent of it is fixed and determined by the use under which it is gained." Riggs v. City of Springfield, 344 Mo. 420, 126 S.W. 2d 1144, 1149. The use under which prescriptive rights were gained in this case involved the continuing inconvenience and burden of two gates, one of which was maintained by the property owners at the entrance and the other at the exit to this property. There is no evidence that the roadway was free of gates and was always open for unobstructed and unrestricted travel. All of the evidence touching the issue was to the contrary. Clara Guenther did not acquire a prescriptive right to the *unrestricted* use of the roadway. Under the rule of Chapman v. Schearf [1] the prescriptive right acquired by Clara Guenther was the right to a partial use only; a right limited to the same extent that other users of the roadway were burdened during the time the prescriptive right was accruing, namely, the burden of opening and closing gates which are closed when encountered. To that extent the judgment and decree must be modified. There is no obligation on the part of Clara Guenther, however, to carry keys and see to it that locks on the gates are kept locked. All of the evidence from both plaintiffs and defendants touching on the issue establishes beyond question that during the years preceding plaintiffs' ownership of the property there never were any locks on the gates, and to impose upon Clara Guenther the duty of attending to locks on the gates would be to impose an additional and un-

due burden upon her, not previously borne by other persons traveling over the roadway. The judgment as thus modified will afford protection not only to Clara Guenther's right to user but also to plaintiffs' right to maintain gates.

The judgment of July 25, 1969 is ordered modified as indicated and otherwise the judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur and SHANGLER, Sp. J., concurs.