Charles J. LACY, Jr., and Rose N. Lacy, his wife, Appellants,

v.

Dale E. SCHMITZ and Lilly B. Schmitz, his wife, Respondents.

No. 44410.

Missouri Court of Appeals, Eastern District, Division One.

June 22, 1982.

Motion for Rehearing and/or Transfer Denied Sept. 17, 1982.

Application to Transfer Denied Oct. 18, 1982.

Steven P. Kuenzel, Politte, Thayer & Kuenzel, Washington, for appellants.

William W. Eckelkamp, Eckelkamp, Eckelkamp & Wood, Washington, for respondents.

CRANDALL, Judge.

Appellants, Mr. and Mrs. Charles J. Lacy, Jr., appeal from an adverse judgment in their suit against respondents, Mr. and Mrs. Dale E. Schmitz. Appellants initiated this action to gain title to a thirty-foot wide roadway by reformation of their deed of conveyance or by virtue of adverse possession. Relief was also sought to have respondents enjoined from interfering with appellants' use, enjoyment, maintenance and improvement of the roadway.

In this court-tried case, the trial judge issued findings of fact and conclusions of law and refused to reform the original roadway deed. Fee simple ownership of the eight-acre tract over which the roadway crosses was vested in the respondents subject to appellants' right to use, for purposes of ingress and egress to their house and for purposes attendant to a single-family farm residence, a certain gravelled roadway as now exists ranging in width from twelve to eighteen feet. Viewed by the standard elucidated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we affirm.

The thirty-foot wide roadway here in question runs north from appellants' farm, passes in front of respondents' house and turns slightly northwest before it meets Missouri State Highway AM. Appellants claim title to this roadway under their deed of conveyance or, in the alternative, by adverse possession. Respondents claim title to the same roadway under their deed of conveyance.

To get a proper perspective of the points raised, we must first trace back the titles of each party to 1911 when Bernard Hanneken purchased the property now owned by both appellants and respondents. In tracing appellants' title, we find that in 1933 Alex Tyler purchased a thirty-foot wide tract of land for roadway purposes from Ben and Anna Hanneken. This strip of land is the subject, in part, of this lawsuit. In 1951, the heirs of Alex Tyler sold their farm along with the "right-of-way" purchased by

Tyler to appellants' predecessors in title, John R. and Helen A. Cary. Six years later, in 1957, appellants purchased their farm consisting of approximately 242.31 acres from the Carys. The deed conveyed a "right of ingress and egress over a roadway 30 feet wide, leading through the South *west* quarter of the Southeast quarter of Section 35, Township 43 North, Range 1 East." (emphasis added)

Respondents' title can be initially traced to Bernard and Annie Hanneken when they sold eight acres to George L. and Judith R. Johnson in 1939. That deed contained the following exception: "excepting therefrom, a private road to Tyler." In 1944, the Johnsons sold these eight acres to the respondents' predecessors in title, George and Bessie Tyler. That deed also contained the above exception. In 1976, the respondents purchased the above-mentioned eight acres of land adjoining the appellants' farm from Bessie (Tyler) Halbach. The deed of conveyance again contained the same exception.

The problem arises in appellants' deed, which describes the roadway as being situated in "the S.*W*. ¼ of the S.E. ¼ of Sec. 35, Twp. 43 Range 1 East ...." (emphasis added) The testimony indicated that in 1933, Ben Hanneken owned no land in the SW ¼ of the SE ¼, but that all of the real estate owned by him was located in the SE ¼ of the SE ¼.

The trial court found that the parties to the original deed of 1933 could not have intended to convey the S*W* ¼ of the S*E* ¼, and that the deed contained a mutual mistake of fact by those parties. The court went on to find that the parties intended as follows: "Being a tract of land 30' wide situated in the S.*E*. ¼ of the S.E. ¼ of Sec. 35, Twp. 43, Range 1 East."

The appellants, in their first of five points, contend that the trial court erred in failing to reform the original roadway deed.[1] The general rule with respect

---

1. Appellants' argument presumes ownership of the roadway in fee simple, but for the erroneously described quarter section. After reviewing the language used in appellants' chain of title, we question whether this language could convey a fee simple estate. The heirs of Tyler

to reformation of a written agreement on the ground of mutual mistake was stated in *Schneider v. Bulger,* 194 S.W. 737, 739 (Mo. App.1917). We note that a court of equity will exercise its powers to reform instruments, and not only as between the original parties, but as to those claiming under them in privity, such as assigns, grantees or purchasers from them *with* notice of the facts. *Robo Sales, Inc. v. McIntosh,* 495 S.W.2d 420, 423 (Mo.1973); *see King v. Riley,* 498 S.W.2d 564 (Mo.1973). However, no reformation will be granted against a bona fide purchaser *without* notice of the facts. *Robo,* 495 S.W.2d at 423. The central issue here is whether the respondents were bona fide purchasers for value without notice of appellants' interest in the roadway.

■ When respondents purchased their property in 1976, there was no deed of record granting a roadway or thirty-foot strip of land through the property. There was a deed recorded, which appellants now seek to have reformed, that described a roadway in a different quarter section. There was evidence adduced that the respondents gave valuable consideration for their property at the time of purchase. Furthermore, expert testimony revealed that the thirty-foot strip of land could not be located from the description of the roadway in the deed even if the deed were to have conveyed property in the S*E* ¼ of the SE ¼ rather than the S*W* ¼ of the SE ¼. There was substantial evidence to support the finding of the trial judge that respondents were bona fide purchasers without notice. We defer to his judgment.

Since we find that reformation does not lie against respondents, we need not address appellants' second point, that the trial court erred in refusing to render the location of the roadway as fixed and definite.

Appellants' third contention, in the alternative, is that title to the thirty-foot wide roadway should be granted to them under the doctrine of adverse possession. As stated previously, the trial court found that respondents were the fee simple owners of the roadway in question, subject only to appellants' right to use for purposes of ingress and egress to their home.

■ The elements necessary to establish *title* to property by adverse possession are: (1) the possession must be hostile and under claim of right; (2) possession must be actual; (3) possession must be open and notorious; (4) possession must be exclusive; and (5) possession must be continuous for the requisite period. *Kissinger Private Levee System v. Mackey,* 624 S.W.2d 64, 68 (Mo.App.1981). Persons claiming title by adverse possession have the burden of proving each element necessary to establish title. *See Dambach v. James,* 587 S.W.2d 640, 643 (Mo.App.1979). Although similar, the requirements needed to establish an *easement* by prescription deal with use, not possession.[2]

■ Testimony indicated that respondents and their tenants have continuously used the roadway concurrently with appellants for purposes of ingress and egress to their home. To be adverse, the possession must be exclusive; the rightful owner cannot be deprived of title by possession of another if he is also in possession with the adverse claimant as joint possession is not adverse. *Tallent v. Barrett,* 598 S.W.2d 602, 606 (Mo.App.1980). We find no exclusive possession by appellants. Substantial evidence exists to support the trial court's conclusion that appellants' use of the road-

---

conveyed a "right-of-way" to John R. and Helen A. Cary. The Carys then conveyed a "right of ingress and egress over a roadway" to appellants. The use of the language "right-of-way" particularly coupled with "right of ingress and egress over a roadway" in a later conveyance generally indicates the grant of an easement, not a fee simple estate. *See Lloyd v. Garren,* 366 S.W.2d 341 (Mo.1963); Annot. 89 ALR 3d 767 (1979). Since this issue has not been

raised by either party and other issues are dispositive of the case, we decline to rule on it.

**2.** Establishment of a prescriptive easement must contain the following requirements: *use* of property for a ten-year period; *use* must be adverse; *use* must be under claim of right and there must be notice to owner, notice being open, visible, continuous and uninterrupted. *Auxier v. Holmes,* 605 S.W.2d 804 (Mo.App. 1980).

way did not vest title in them by adverse possession but, rather, constituted an easement by prescription.

Appellants' final contentions deal with the limitation by the trial court of the prescriptive easement. The trial court limited the width of the easement to twelve to eighteen feet and limited appellants' right of ingress and egress for purposes attendant to a single-family farm residence. Appellants argue that the width of the road should be thirty feet and that they should be granted ingress and egress for personal, residential and agricultural purposes. We disagree.

■ The character and extent of a prescriptive easement right is determined by the character and extent of the user during the prescriptive period. *Stickle v. Link,* 511 S.W.2d 848, 854 (Mo.1974); *see Holian v. Guenther,* 471 S.W.2d 457 (Mo.1971). It is a qualified right for a particular purpose. *Henderson v. La Capra,* 307 S.W.2d 59, 63 (Mo.App.1957). Therefore no different or greater use can be made of the prescriptive easement than the use under which it was gained. *Id.*

■ Since the trial court properly refused to reform appellants' deed of conveyance, the thirty-foot wide roadway described therein is irrelevant to the issue of the proper width of the prescriptive easement. There was substantial evidence to show that the *use* of the roadway in question was a twelve-to-eighteen-foot wide road to permit appellants ingress and egress to their single-family farm residence. The trial court's holding was consistent with the prior use by appellants and therefore we find no error.

The judgment of the trial court is affirmed.

STEWART, P. J., and STEPHAN, J., concur.