Robert VECCHIOTTI and Dorothea Vecchiotti, Plaintiffs/Cross–Appellants,

v.

Andrew F. TEGETHOFF and Ann M. Tegethoff, Defendants/Appellants.

Nos. 52762, 52797.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 29, 1987.

Motion for Rehearing and/or Transfer
Denied Feb. 4, 1988.

Application to Transfer Denied
March 15, 1988.

Michael W. Newport, Valerie G. Richardson, St. Louis, for defendants/appellants.

John J. Allan, Mary V. Taylor, St. Louis, for plaintiffs/cross-appellants.

PUDLOWSKI, Judge.

The Tegethoffs, defendants below, appeal from a judgment of the trial court granting the plaintiffs' prayer for a declaratory judgment granting title to a disputed parcel of realty which the defendants claimed by adverse possession. On cross appeal, the Vecchiottis, plaintiffs below, challenge the action of the trial court in denying their claim for damages.

This dispute arose between neighbors, the Vecchiottis and the Tegethoffs. The Vecchiottis property, One Woodcliffe, is transversed by a drainage ditch that takes a winding course and, as it nears the southern boundary of the property, veers westerly, severing a small wedge off their property. This small parcel is the realty in dispute and is included in the legal description of One Woodcliffe. Along the ditch is a large amount of overgrowth but east of the ditch is a clearing that is approximately 30 feet at its widest point. The disputed parcel seems by all appearances to be part of 9701 Ladue Road, the property owned

by the Tegethoffs. In fact the wedge of land is clearly visible from the front window of the Tegethoffs.

The events preceding this dispute are relevant to the resolution of this case. The property described as 9701 Ladue Road was originally owned by Todd Upson who built a home on the land in 1958 or 1960. The evidence showed that during his residence on that property Upson maintained the disputed parcel. In 1970 Upson sold the property to Robert and Patricia Kirchdorfer who lived there until 1977. Prior to purchasing the property, the realtor showed Kirchdorfer the true boundary line. Evidence showed that while Kirchdorfer cut the weeds from the parcel when they got unsightly, he never thought the parcel belonged to him, never claimed it as his own, never planted grass or trees on the parcel, and never treated the property as his own in any way. In 1978, Kirchdorfer sold the property to the Tegethoffs. Kirchdorfer pointed out the true boundary line to the Tegethoffs as it was shown to him by the realtor. Tegethoff testified that he believed the true boundary line to be defined by the ditch.

The Vecchiottis closed the sale of their home at One Woodcliffe on August 20, 1982 and took possession on August 3, 1983. Prior to the sale, the Vecchiottis were told by the realtor that they would own land on the east side of the ditch. In May 1984, the Vecchiottis had a stake survey done to verify the location of the boundary line. While the stakes were still in the ground and clearly visible, Vecchiotti pointed out to Tegethoff the location of the boundary line. Tegethoff expressed surprise but insisted that Vecchiotti seek the assistance of counsel in that Tegethoff believed the property to be his. After this initial confrontation, the evidence shows that both parties participated in the maintenance of the disputed parcel.

On August 14, 1985, the Vecchiottis brought an action in trespass for damages and for a declaratory judgment to quiet title and for injunctive relief to prohibit the Tegethoffs from entering on the disputed parcel. The Tegethoffs counterclaimed

seeking a declaratory judgment of their title by adverse possession and an injunction prohibiting the Vecchiottis from entering on the disputed parcel. The case was tried without a jury on October 6, 1986. On November 19, 1986 the court entered an order which granted the Vecchiottis petition to quiet title to the parcel and enjoined the Tegethoffs from entering the property, but denied the Vecchiottis prayer for actual and punitive damages for trespass. The court also denied the Tegethoffs counterclaim for declaratory judgment of title by adverse possession as well as their prayer for damages.

The Tegethoffs appeal the denial of their claim of title by adverse possession. The Vecchiottis, on cross-appeal challenge the denial of their prayer for damages for trespass. Our review is governed by the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) and accordingly, the judgment of the trial court will be sustained unless it is unsupported by substantial evidence, against the weight of the evidence or an erroneous declaration or application of the law. In passing on this matter we are obliged to accept as true the evidence and permissible inferences favorable to the prevailing party and disregard contradictory testimony. *St. Louis County, Mo. v. Oakville Development Co., Inc.*, 676 S.W.2d 919, 921 (Mo.App.1984).

In their first point the Tegethoffs claim that the trial court erroneously declared and applied the law when it found that the Tegethoffs' predecessor in interest, Robert Kirchdorfer, did not possess the property with the hostility required to convert possession into title. Appellants argue that the ruling of the court presumes that a witness' statements as to past subjective intent control over his actions which manifest an intent other than that which is stated. Simply put, appellants argue that the Kirchdorfers' acts of minimal maintenance should control over his statement that he never claimed ownership of the disputed parcel in determining whether possession is hostile.

The trial court found that "[a]ny claim of adverse possession on the part of the de-fendants or their predecessors in title began on January 18, 1978." This conclusion is supported by the finding that:

Prior to January, 1978, the previous owner of the Tegethoff property knew generally of the location of the boundary line and knew some part of the Plaintiffs' property was on the Defendants' side of the ditch, but denied any claim to any ownership rights of that portion of the Plaintiffs' property.

At the outset we note one glaring flaw in appellants' argument. They conclude that since the trial court made mention of Kirchdorfer's subjective intent, the findings of the court were based solely on that evidence. This conclusion is not borne out by the record.

■ In order for a claimant to establish title by adverse possession he must show possession that is 1) hostile and under a claim of right 2) actual 3) open and notorious 4) exclusive and 5) continuous for a period of 10 years. *Krell v. Davidson*, 694 S.W.2d 774, 776 (Mo.App.1985). Hostile possession has been defined as possession opposed and antagonistic to the claim of all others and is founded upon possession with the intent to possess the land as one's own. *Walker v. Walker*, 509 S.W.2d 102, 106 (Mo.1974). A claim of right rests on intent. *Krell*, 694 S.W.2d at 777. *Patterson v. Wilmont*, 245 S.W.2d 116, 122 (Mo. 1952). While it is true that the intent to possess can be inferred from acts of dominion over the land, we are unaware of any authority which requires a court to focus only on objective acts and to exclude all subjective evidence. *Patterson*, 245 S.W.2d at 122. The rule is simple: If the possessor occupies the land in question intending to occupy that particular piece as his own, his occupancy is adverse. *Id.* at 121.

■ The evidence showed that Kirchdorfer, during his period of occupancy, performed only minimal maintenance. His actions consisted only of cutting the weeds in the ditch to keep the parcel from becoming unsightly. This maintenance was necessary and certainly beneficial to him because the weeds were clearly visible from his front window. He made no permanent

improvements on the parcel, planted no grass, trees or shrubs. During this period Kirchdorfer had no intent to claim the land as his own, nor did he treat the land as his own. Kirchdorfer's acts, when viewed in light of his subjective intent, simply do not rise to the level of acts of dominion needed to satisfy the element of hostility. We find that the decision of the trial court was supported by substantial evidence. Point denied.

In their second point the Tegethoffs argue that the trial court erred in denying their claim for adverse possession since the evidence showed that all the elements of adverse possession were met. They argue that since the trial court did not find the Kirchdorfers' possession to be lacking in any of the elements of adverse possession besides hostility, and since the plaintiffs did not dispute the presence of these elements, a presumption arises that the element of hostility is present. Appellants direct our attention to two cases in support of their argument. The cases cited can in no way be construed to stand for the propositions stated. Both *Krell* and *Schaumburg v. Heafey,* 650 S.W.2d 697, 699 (Mo. App.1983) state only that the exclusive possession and use of the land is presumed to be adverse absent proof to the contrary.

■ In this case the trial court found that the Tegethoffs' use of the disputed parcel had not been exclusive or continuous for the statutory period. Vecchiotti testified that since May 1984 both he and Tegethoff have maintained the disputed parcel. The finding of lack of exclusive possession is supported by the evidence and therefore the presumption stated above, although different from the one urged by appellants, does not arise.

In the absence of any presumption, our finding as to point one of the Tegethoffs' appeal is dispositive of this point. The Tegethoffs have failed to show that their predecessor interest held the land with the requisite hostility for the purpose of tacking of ownership. They, therefore, fail to meet the elements of continuity required to establish title by adverse possession. Again the finding of the trial court was supported by substantial evidence and will not be disturbed.

The Vecchiottis on their cross-appeal argue that the trial court erred in overruling their claim for both punitive and actual damages. They urge that the decision of the trial court was against the weight of the evidence and was based on an erroneous application of the law. With respect to the issue of damages the trial court found "no damage or depreciation of [the Vecchiottis] property, and little if any significant diminution of the use of [the Vecchiottis] property." Further the "acts of the defendants Tegethoff in using the [Vecchiottis] property have not been willful, wanton or malicious and punitive damages are not warranted."

■ Punitive damages are never a matter of right and whether they will be awarded lies wholly within the discretion of the trial court. *Creamer v. Banholzer,* 694 S.W.2d 497, 499 (Mo.App.1985). In Missouri legal malice, as distinguished from actual malice, authorizes an award of punitive damages. *Baker v. Newcomb,* 621 S.W.2d 535, 537 (Mo.App.1981). Legal malice is present if one commits a trespass intentionally without cause or excuse. *Id.; Wright v. Edison,* 619 S.W.2d 797, 803 (Mo.App.1981). There must be, in order to justify punitive damages, some element of wantonness or bad motive and if one intentionally does a wrongful act and knows it is wrong when he does it, the act is done wantonly and with a bad motive. *Mills v. Murray,* 472 S.W.2d 6, 17 (Mo.App.1971). The trial court found that the acts of the Tegethoffs lacked the required malice that would justify an award of punitive damages. After careful consideration of the evidence presented we find that the trial court did not abuse its discretion in failing to award punitive damages to the Vecchiottis.

■ Similarly, we find that the trial court did not err in overruling the Vecchiottis' claim for actual damages. The Tegethoffs maintained the property during the two year period preceding this litigation; this was the use of which the Vecchiottis complained. No evidence was introduced

that showed any damage that resulted from this maintenance. Both Tegethoff and a former neighbor testified that the disputed parcel had not changed in any way since the original owner held the property. Despite the fact that the Vecchiottis failed to prove actual damages, the evidence did show that a trespass was committed by the Tegethoffs. Every unauthorized entry is a trespass even if no damage is done or no force is used. *Weldon v. Town Properties, Inc.*, 633 S.W.2d 196, 200 (Mo.App.1982). As a result, the Vecchiottis are entitled to nominal damages to compensate them for the trespass. *Wright,* 619 S.W.2d at 803; *Weldon,* 633 S.W.2d at 200. Pursuant to Rule 84.14 which enables us to give such judgment as the trial court should have given, the judgment of the trial court is modified to reflect an award of $1 nominal damages in favor of the Vecchiottis on their cross appeal.

The judgment, so modified, is affirmed. Costs of the appeal are assessed against the respondents.

STEPHAN, P.J. and DOWD, J., concur.