William A. CURRAN, et ux., Plaintiffs–Respondents,

v.

Ira E. BOWEN & Violet Bowen, et al., Respondents–Appellants.

No. 53569.

Missouri Court of Appeals, Eastern District, Division Four.

June 28, 1988.

Appellants' Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 1988.

Respondents' Motion for Rehearing Denied Aug. 3, 1988.

Floyd T. Norrick, Thurman, Smith, Howald, Weber & Bowles, Hillsboro, for respondents-appellants.

W.W. Sleater, Kirkwood, for plaintiffs-respondents.

CRANDALL, Judge.

Plaintiffs, William A. Curran and Virginia E. Curran, appeal from the judgment of the trial court, in a court-tried case, in favor of defendants, Ira E. Bowen and Violet Bowen, refusing to enjoin defendants from encroaching on, traversing over, or discharging raw sewage onto plaintiffs' property; granting to defendants a prescriptive use easement over plaintiffs' land; and refusing to award plaintiffs damages for defendants' trespass. Defendants cross-appeal the judgment in favor of plaintiffs on defendants' counterclaims for title to the real property in question by reason of adverse possession as well as for reformation of the deed to describe the real estate allegedly acquired by adverse possession. We affirm.

Our standard of review is that of a court-tried case. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The evidence reveals that this dispute concerns a parcel of land which was an exception in a deed to certain real estate which plaintiffs purchased in 1962. Freda M. White and Charley C. White (Whites) had been the original owners of the entire parcel of land. At the time the Whites conveyed the property, they had retained for themselves a portion of the land which was reflected as an exception in the deed. Until 1972, the Whites resided in a home on the property which has been excepted from the deed. In 1974, defendants purchased the excepted property.[1] The legal description of the property which defendants purchased did not close mathematically.

When defendants purchased the property, they thought they were purchasing all of the land within an area enclosed by four cut off utility poles. The Whites previously had maintained this area and had put in a garden. Defendants continued to maintain the area encompassed by the utility posts and to keep a garden. Defendants were not aware that one of the poles was located on plaintiffs' property. In 1978, defendants built an addition to the existing home. The addition encroached onto plaintiffs' land.

The Whites, during their occupancy of the tract in question, had used a roadway to get to and from the property. Defendants continued to drive over this roadway. An easement for this roadway had been granted in 1959 by the Whites to certain third parties. The easement was for a strip of land 30 feet wide across the western boundary of plaintiffs' property. The easement had been released to plaintiffs in 1962 by the third parties.

Plaintiffs did not object to either the Whites' or defendants' use of the property encompassed by the posts or use of the roadway. Plaintiffs cut brush on the ground which belonged to them within the area bounded by the posts. Plaintiffs paid the taxes on that property. Plaintiffs also noticed that raw sewage was being discharged onto their property.

In 1983, plaintiffs could not obtain financing to develop their land because of the cloud on the title caused by the failure of the legal description of the excepted parcel of land to close. Plaintiffs filed this action. Count I of plaintiffs' petition sought damages for and injunctive relief against defendants' encroaching or traversing upon plaintiffs' land. In Count II, plaintiffs sought damages for and an injunction against defendants' discharging raw sewage and effluent onto plaintiffs' property. Count III sought actual and punitive damages for defendants' trespass upon plaintiffs' real estate. Defendants counterclaimed, seeking to acquire by adverse possession title to the area encompassed by the four cut off utility poles; and also seeking either an implied easement or an easement by prescription to use the roadway to their property.

---

1. When defendants acquired the property the grantor was one Arline Hardy. The source of the title in Arline Hardy is unknown.

■ In their first point, plaintiffs contend that the trial court erred in excluding from evidence a survey of defendants' property which was offered to establish the boundary lines of defendants' property. A surveyor testified from field notes and stated that the survey did not commence from a government corner.

"[E]vidence of a survey which is not definitely shown to have commenced from a corner established by the government or, if lost, reestablished in accordance with statutes, is of no probative force." *Cantrell v. Bank of Poplar Bluff*, 702 S.W.2d 935, 938 (Mo.App.1985) (citing *Carroz v. Kaminiski*, 467 S.W.2d 871, 872 (Mo. banc 1971)).

Plaintiffs rely on *City of Marshfield v. Haggard*, 304 S.W.2d 672 (Mo.App.1957) to support their position that the description and location of defendants' property could have been determined in reference to plaintiffs' property as platted and that evidence of a survey shown to have commenced from a government corner was therefore unnecessary. We disagree. *Cantrell*, 702 S.W.2d at 940 specifically declined to follow the *City of Marshfield* case for the reason that its holding was a departure from the well established rule in Missouri.

Because defendants' survey did not start at a government corner, the trial court properly excluded the survey from evidence. Plaintiffs' first point is denied.

■ In their second point, plaintiffs assert that the trial court erred in granting defendants an easement by prescription to use a 30 foot wide strip of land across the western portion of plaintiffs' property. Plaintiffs also argue that the easement granted to defendants was too wide because "the use of an eight foot drive does not ripen into a possessory easement for thirty feet...."

The requisite elements for a prescriptive use easement are that the use of the property must be open, adverse, visible, continuous and uninterrupted under a claim of right for ten years or more. *Spooner v. Bates*, 550 S.W.2d 200, 202 (Mo.App.1977).

To establish an adverse use there must be a distinct and positive assertion of a right hostile to the owner and brought home to him. *Chase v. Fania*, 675 S.W.2d 87, 89 (Mo.App.1984).

In contrast to adverse possession, an easement by prescription deals with use, not possession, of the property in question. *Lacy v. Schmitz*, 639 S.W.2d 96, 99 (Mo. App.1982). The character and extent of a prescriptive easement right is determined by the character and extent of the use during the prescriptive period. *Id.* at 100. No different or greater use can be made of a prescriptive easement than the use under which it was gained. *Id.*

Here, the roadway over plaintiffs' land was the only means of ingress to or egress from defendant's property. The road had been used by the Whites from 1962 until Mr. White's death in 1972. From 1974 to the present, defendants and the general public continuously used the roadway to defendants' property. Defendants maintained the road and surfaced it with gravel and concrete. The roadway was well-defined and obviously accommodated vehicular traffic. There was sufficient evidence for the trial court to conclude that defendants had acquired an easement by prescription to use plaintiffs' land. Plaintiffs' second point is denied.

■ In their third point, plaintiffs allege that the trial court erred in denying Count I of plaintiffs' petition for injunctive relief and for damages for defendants' encroachment and trespass upon plaintiffs' property. Given our holding under Point I that plaintiffs' survey was inadmissible, plaintiffs have no way of establishing the boundaries of their property. It is axiomatic that, in the absence of proof of clearly defined boundaries, there can be no proof of encroachment. In addition, there can be no damages in trespass for defendants' use of a roadway for which they have a prescriptive easement. Plaintiffs' third point is denied.

In their fourth point, plaintiffs claim that the trial court erred in denying them an

injunction against defendants prohibiting the discharge of raw sewage. In their fifth point, plaintiffs claim that the trial court erred in granting defendants a prescriptive easement because defendants were not required to pay for that easement. In their sixth point, plaintiffs assert that the trial court erred in finding that they had suffered no damage as a result of the acts of defendants. We have reviewed these points on appeal. An extended opinion on these points would have no jurisprudential purpose. We therefore deny them in accordance with Rule 84.16(b).

In the first point of their cross-appeal, defendants allege that the trial court erred in denying their claim of title by adverse possession. Defendants argue that the trial court should have awarded them all the land within the four cut off utility posts.

To support a claim of adverse possession, (1) possession must be hostile and under a claim of right; (2) possession must be actual; (3) possession must be open and notorious; (4) possession must be exclusive; and (5) possession must be continuous for a period of ten years. *Kline v. Bourbon Woods, Inc.*, 684 S.W.2d 938, 940 (Mo.App. 1985). Hostile possession has been defined as possession opposed to and antagonistic to the claims of all others and is founded upon possession with the intent to possess the land as one's own. *Vecchiotti v. Tegethoff*, 745 S.W.2d 741, 743 (Mo.App.1987). A claim of right rests on intent. *Id.*

The evidence showed that the Whites, during their period of occupancy, had maintained the area within the four posts and had planted a garden. Plaintiffs had not objected to the Whites' use of the land. There was no direct testimony as to the Whites' intent. While the acts of dominion over the land by the Whites are circumstantial evidence favorable to an inference of an intent to possess, they do not create a presumption favorable to defendants. Rather, the actions of the Whites are simply evidence to be considered by the trier of fact.

Defendants purchased the property in 1974, two years after the Whites had vacated the property. Although defendants thought they were purchasing the entire area encompassed by the posts, defendants did not specify who had informed them that the posts marked the boundaries of their property. Defendants lived in the house on the property. Their actions with regard to plaintiffs' property which were purportedly hostile to plaintiffs' rights consisted of mowing the lawn, planting a garden, and cutting down some trees within the four posts. These actions again do not necessarily rise to the level of dominion required for hostile possession.

Although defendants' addition to their home would rise to the level of dominion needed to satisfy the element of hostility, it does not fulfill the element of continuity. The addition was erected in 1978. Plaintiffs objected to the encroachment onto their property in 1983. Defendants' possession of that portion of plaintiffs' property on which defendants built the addition was not continuous for a period of ten years, a requisite element for adverse possession.

Moreover, defendants' possession of the property within the four posts was not exclusive for the statutory period of time. Plaintiffs paid taxes on that part of the property which belonged to them. Plaintiffs cut brush within the enclosure during the statutory period. The trial court did not err in denying defendants' claim of title by adverse possession. Defendants' first point of their cross-appeal is denied.

In the second point of their cross-appeal, defendants contend that the trial court erred in reforming the deed such that the legal description of the excepted property closed mathematically. Defendants posit that the trial court should have ordered a survey of the property enclosed by the four posts and reformed the deed in accordance with that survey. In view of our holding in the previous point that defendants did not acquire title to the enclosed area by adverse possession, a survey of that parcel is

unnecessary. Defendants' second point of their cross-appeal is denied.

The judgment of the trial court is affirmed.[2]

SIMON, P.J., and GRIMM, J., concur.

---

2. Defendants' motion to strike plaintiffs' brief for failure to comply with Rule 84.04 is denied.