Suzanne HERMANN, T. Pat Manning, Audrey Manning, Donald Rosenfeld and Lynne Rosenfeld, Plaintiffs–Respondents,

v.

**LYNNBROOK LAND COMPANY,**
Defendant–Appellant.

No. 57630.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 26, 1991.

Louis F. Bonacorsi, Ketrina G. Bakewell, St. Louis, for defendant-appellant.

Paul F. Niedner, Maryella Kelly, St. Charles, for plaintiffs-respondents.

STEPHAN, Judge.

This is an appeal from a judgment of the circuit court of St. Charles County which granted plaintiffs' prayer for injunctive relief and damages, and denied defendant's counterclaim. Plaintiffs, Suzanne Hermann, T. Pat Manning, Audrey Manning, Donald Rosenfeld and Lynn Rosenfeld, requested injunctive relief because defendant, Lynnbrook Land Company, improperly maintained a subdivision sign on real estate owned by plaintiffs. Defendant's counterclaim asserted that it was entitled to maintain the sign by reason of an irrevocable license giving rise to an equitable easement, or else by a prescriptive easement. The trial court, sitting without a jury, determined that defendant did keep and maintain a sign and did use and appropriate plaintiffs' land without authority, license or permission of the plaintiffs from May 28, 1986 to October 15, 1988. Plaintiffs were awarded damages totalling $13,050.00 ($450.00 per month for twenty-nine months). We affirm.

In this court-tried action we will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The facts are in dispute. We, therefore, consider only those evidentiary facts and inferences favorable to the prevailing party. *St. Charles County v. McPeak*, 730 S.W.2d 611, 612 (Mo.App.1987). The credibility of witnesses and the weight to be given their testimony is a matter for the trial court, which is free to believe none, part or all of their testimony. *Herbert v. Harl*, 757 S.W.2d 585, 587 (Mo. banc 1988). We give deference to the trial court's findings of fact but we make an independent evaluation of the conclusions of law the trial court draws from its factual findings. *Bradley v. Mullenix*, 763 S.W.2d 272, 275 (Mo.App.1988).

The property in question was owned by plaintiff Donald Rosenfeld from 1969 to 1973, at which time he sold the parcel to Ira E. Berry Corporation. In January 1982, Ira E. Berry transferred its title to plaintiffs Hermann and Manning. Later, in June of 1982, Manning transferred a part of his interest back to Rosenfeld.

Lynnbrook Subdivision is located immediately adjacent to and behind plaintiffs' property, off Old Highway 94 in St. Charles County. In 1973 the subdivision was held by Highland Mortgage Processing Company under a deed of trust from County Bank of St. Louis. County Bank foreclosed on the property in the mid-1970's and eventually transferred title of the subdivision to L.B.D. Corporation, a holding company set up by County Bank.

In May 1986, L.B.D. Corporation sold the subdivision to Lynnbrook Land Company.

Rosenfeld testified on behalf of all the plaintiffs. He stated that there was no sign on the property when he repurchased it in 1982. He further testified that an agent of L.B.D. Corporation approached him in 1983 and inquired about permission to erect a sign. That permission was denied. In late 1983 or early 1984 a billboard, advertising a subdivision, was erected on plaintiffs' property. At that time, plaintiffs requested compensation from L.B.D. Corporation or else that the sign be removed.

Defendant argued that the sign was erected earlier than 1983. It maintained that County Bank and Ira E. Berry agreed that County Bank could erect and maintain a sign on the subject property if it would grade and construct a road from Old Highway 94 across Ira E. Berry's property to the Lynnbrook Subdivision. Testimony was presented that the road was built at approximately the same time the sign was erected, in 1977. The agreement between County Bank and Ira E. Berry was apparently reduced to writing, but was not presented at trial.

Defendant also presented evidence indicating that the sign was constructed by sinking two by four pillars into the ground, putting a sign across the timbers and building a planter on the ground around the sign. The cost of constructing the road was approximately $70,000.00. Substantial time and money was spent in maintaining the sign and paying expenses associated with it, such as landscaping and utilities.

In 1986 plaintiffs demanded that the sign be removed or rent paid. Suit was filed on February 4, 1987 against defendant, L.B.D. Corporation and L.B.D.'s officers. L.B.D. Corporation and its officers were subsequently dismissed. Defendant closed on the last lot in Lynnbrook Subdivision and sold its interest in the property in January 1988. The sign came down as a result of the weather in October 1988.

■ Defendant's first point alleges trial court error because the judgment is not supported by substantial evidence. It argues that it had an irrevocable license and equitable easement to maintain a subdivision sign on plaintiffs' property. The trial court specifically found that the evidence produced at trial did not support a finding that Ira E. Berry gave County Bank a license to maintain a subdivision sign or that any consideration was given for such license. We agree.

■ A license is merely a privilege to enter certain premises for a stated purpose. *State ex rel. State Highway Commission v. Johnson*, 592 S.W.2d 854, 858 (Mo.App. 1979). It does not vest any title, interest or estate in the licensee and, generally, may be revoked at the will of the licensor. *Annin v. Lake Montowese Development Co.*, 759 S.W.2d 240, 241 (Mo.App.1988). In order to avoid an otherwise harsh working of the law, courts of equity may apply equitable estoppel in situations where the licensee made material expenditure of money or labor to secure the enjoyment of his use. *Gibson v. Sharp*, 277 S.W.2d 672, 677 (Mo.App.1955). In such cases the relations of the parties may not be severed at the whim and by the act of the licensor alone. They may only be severed, if at all, on equitable principles. *Id.*

Evidence of the license came from defendant's witnesses, Noonan, Einig and Sheahan. They testified that Ira E. Berry granted a license to maintain a subdivision sign in either 1976, 1977 or 1978. All the testimony was based on a written agreement through which, the witnesses stated, County Bank would grade Ira E. Berry's undeveloped property and construct the road now known as Lynnbrook Drive, and, in return, County Bank would have the right to maintain a subdivision sign.

Defendant expends much effort in arguing why the bar license granted by Ira E. Berry was converted into an equitable easement. We find, however, that the trial court believed Rosenfeld's testimony that the sign was not in place when he purchased the property in 1982. Further, the written agreement, which would have been the best evidence of the events that transpired, was not produced, even though

there was testimony that it was more than likely in Ira E. Berry's files.

We defer to the implicit determination of credibility made by the trial court, view the evidence and permissible inferences most favorably to the judgment and disregard all contrary evidence and inferences. *Johnston v. Bates*, 778 S.W.2d 357, 363 (Mo.App.1989). Point I is denied.

 In its second point on appeal defendant argues that the trial court erred in entering its judgment because defendant established that it had a prescriptive easement to maintain the subdivision sign.

The requisite elements of a prescriptive use easement are that the use of the property must be open, adverse, visible, continuous and uninterrupted under a claim of right for ten years or more. *See Curran v. Bowen*, 753 S.W.2d 940, 943 (Mo. App.1988). Because prescriptive rights are not favored in the law, these requirements must be established by clear and convincing evidence. *Gill Grain Co. v. Poos*, 707 S.W.2d 434, 437 (Mo.App.1986). To be adverse, it is only necessary for the use to proceed without recognition of the owner's authority to permit or prohibit the use; it is not necessary that the user intend to violate the owner's rights. *Johnston*, 778 S.W.2d at 362. Conversely, if the use is permissive, it cannot ripen into a prescriptive use. *Id.*

Defendant did not meet the requisite elements for a prescriptive easement. The trial court found that the sign was erected in 1983; therefore, defendant did not use the property for the necessary ten-year period. *Curran v. Bowen, supra; Spooner v. Bates*, 550 S.W.2d 200, 202 (Mo.App. 1977). Further, even if defendant had proved the sign was there as early as 1976, the use prior to 1983 was permissive, and not adverse. Either way defendant did not prove a prescriptive use easement. Point II is denied.

Finally, defendant asserts that the trial court's calculation of damages was erroneous. The trial court multiplied monthly rental of $450.00 by twenty-nine months from May 1986 to October 1988.

Defendant argues that it should only be assessed for twenty months because it sold its interest in Lynnbrook Subdivision in January 1988.

Defendant allows that it was responsible for maintenance of the sign from May 1986 when it acquired its interest in the Lynnbrook Subdivision. Defendant lost interest in the sign in January 1988 when the last lot in the subdivision was sold. At that point, the sign was no longer a useful sales device because there was nothing left to sell. It should have been removed by defendant. We find damages were correctly calculated. Point III is denied.

The judgment is affirmed.

REINHARD, P.J., and CRANE, J., concur.