Obal E. **LANGSTON** and Lena B. Langston, Plaintiffs–Appellants,

v.

Jean **WILLIAMS**, Defendant–Respondent.

No. 17128.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 31, 1991.

Steven Privette, Willow Springs, for plaintiffs-appellants.

R. Jack Garrett, Garrett & Ray, West Plains, for defendant-respondent.

MAUS, Judge.

By their petition, plaintiffs sought a declaration they had acquired title to a portion of a vacated roadway by adverse possession. The trial court denied that relief. Plaintiffs appeal. The following is a condensation of the evidence.

Before March 6, 1951, State Route 80 extended in a general east-west direction through Section 6, Township 32, Range 10, in Howell County. The right-of-way was 50 feet wide. Plaintiffs' predecessors in title dedicated the North 30 feet of the portion of that right-of-way in question. The defendant's predecessors in title dedicated the south 20 feet.

The plaintiffs acquired an unimproved tract on the north side of the road on February 28, 1950. They sold it in 1954 but reacquired it in 1957. On April 9, 1973, they sold the tract to their son. A house was built on the tract in 1977. The plaintiffs reacquired the tract on March 15, 1977. They live in the house.

Defendant Jean Williams has lived on a tract on the south side of the road for 64 1/2 years. In 1982, she acquired title through the estate of her mother. That tract was improved with two houses and a barn.

The state constructed State Highway 160 to replace Route 80. In Section 6, a portion of Route 80 "looped" to the south of Highway 160. On March 6, 1951, the State Highway Commission relinquished the right-of-way for Route 80 which was outside the right-of-way of State Highway 160. The relinquished portion of Route 80 bisects the farms of the plaintiffs and defen-

dant. The vacated portion yet provided access to the Williams' farm, the plaintiffs' farm and a north-south county road. The plaintiffs claim ownership of the entire right-of-way that adjoins their farm on the south. They claim the north 30 feet of that right-of-way by virtue of their predecessors' dedication and the State Highway Commission's relinquishment. As stated, they claim the south 20 feet of that right of way (dedicated by Williams' predecessor) by adverse possession. The trial court denied that claim.

The plaintiffs' basic point is that the judgment of the trial court is against the weight of the evidence and misapplies the law. The evidence necessary to establish adverse possession has been concisely stated.

"The elements necessary to establish *title* to property by adverse possession are: (1) the possession must be hostile and under claim of right; (2) possession must be actual; (3) possession must be open and notorious; (4) possession must be exclusive; and (5) possession must be continuous for the requisite period. *Kissinger Private Levee System v. Mackey*, 624 S.W.2d 64, 68 (Mo.App.1981). Persons claiming title by adverse possession have the burden of proving each element necessary to establish title. See *Dambach v. James*, 587 S.W.2d 640, 643 (Mo. App.1979)." *Lacy v. Schmitz*, 639 S.W.2d 96, 99 (Mo.App.1982). (Emphasis in original.)

To support their assertion of error, the plaintiffs cite the following evidence. They cleared brush and mowed the area to the fence on the south side of the right-of-way. They "used it as an area to clean nails out of old lumber, which nails were discarded in the roadway of the disputed tract, stacked building materials across the roadway, and used it as a driveway." They testified that in 1951, Jean Williams' mother, who then owned the Williams' farm and who was deceased at the time of trial, told the plaintiffs that the post at the northeast corner of the Williams' farm was "their fence post". The plaintiffs also rely on

their conclusory testimony that they possessed or occupied the disputed strip.

In their argument, the plaintiffs ignore the following evidence which the trial court accepted. With one exception in 1984, the plaintiffs never tried to block the disputed right-of-way so as to prevent its use. It was used by the Williams' family and the public in going to and from the Williams' farm and the county road. The plaintiffs started mowing the grass only after their house was built in 1977. The right-of-way was used to stack lumber only when the house was being built. At the time of an altercation between Obal E. Langston and James O. Williams, now-deceased husband of defendant Jean Williams, the sheriff was called to the scene. Obal Langston told the sheriff the boundary of his property was the center of the road. He tried to hire a contractor to dig a trench four feet deep down the middle of Route 80. In 1984, James O. Williams placed a row of large posts down the approximate center of the vacated right-of-way. They were in place at the time of trial.

The trial court entered detailed findings of fact and conclusions of law. Those findings and conclusions include the following.

"Because Plaintiffs' proof fails to show that they held actual possession of the thirty-foot strip for any continuous ten-year period between 1951 and 1985, the Court need not discuss whether Plaintiffs' evidence might establish other elements of adverse possession. Plaintiffs' dealings with respect to the disputed strip were minor and transitory in character, and no single act performed at any time prior to 1984 by the Plaintiffs or their predecessors was such as could have put Defendant or others on notice that Plaintiffs claimed the strip or, elsewhere than in their own minds, 'possessed' it. That being so, judgment must be given for Defendant."

Those conclusions and the judgment are supported by the evidence. The trial court did not erroneously declare or apply the law. Cf. *Lohrmann v. Carter*, 657 S.W.2d 372 (Mo.App.1983). The judgment is affirmed.

SHRUM and MONTGOMERY, JJ., concur.