**Joseph KIMACK, Plaintiff/Appellant,**

v.

**Jerry E. ADAMS and Kathy Adams, Defendants/Respondents.**

No. 68955.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 8, 1996.

Bruntrager & Billings, P.C., Mary P. Schroeder, Mary L. Bruntrager, St. Louis, for plaintiff/appellant.

Edwards, Singer, Wolk & Spoeneman, Richard H. Edwards, Jeffrey R. Edwards, Clayton, for defendants/respondents.

PUDLOWSKI, Judge.

Joseph Kimack (Kimack) filed suit for the return of $2,900 prepaid rental advance. The cause was tried before an associate circuit judge without a jury and judgment was entered in favor of Kimack. Jerry and Kathy Adams (Owners) appealed. In a de novo trial heard without a jury, the trier of fact Judge Dunlap, found for Kimack and entered judgment for him in the sum of $517.95 which represented five days rental credit. Kimack appeals the judgment. We affirm.

On January 9, 1994, Kimack telephoned the Owners inquiring about a newspaper advertisement for a Florida condominium rental. Owners related that they had several inquiries regarding their condominium and informed Kimack that whoever placed a security deposit first would secure the rental of the condominium. Kimack was interested and since the Owners would not be home later in the day, they left photographs and a rate schedule in their barbecue pit. Subsequently, Kimack went to the barbecue pit, viewed the photographs, read the rate schedule and left a $290 security deposit for a one month rental beginning on February 5th.

Owners mailed a receipt for the deposit the next day. Included with the receipt were the keys to the condominium and a letter informing Kimack of the "House Rules." Kimack then sent $2,900 prepaid rent check to Owners on January 12th.

On February 3rd, Kimack advised Owners that he would be unable, due to medical problems, to use the condominium for the rental period, which would begin in two days, and requested a refund. Owners returned the $290 security deposit. They were unsuccessful in securing replacement renters and the condominium remained vacant during the Kimack rental period until February 28th when Owners occupied it for five days to perform repairs and maintenance. Kimack again called Owners requesting a refund of the rent advance and was denied.

In this court tried case, we review the law and evidence submitted to the trial court and sustain the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court on the question of credibility of all witnesses and the weight given to their testimony. Rule 73.01(c)(2).

Kimack's appeal alleges two points of error: that Owners are not entitled to retain the prepaid rent and that he had not entered into a lease but merely a license. We will address the points in reverse order.

Kimack claims the agreement he had with Owners was a license in which the trial court erred in allowing Owners to retain the prepaid rent. A license is only a privilege to enter certain premises for a specific purpose. *Hermann v. Lynnbrook Land Company,* 806 S.W.2d 128, 130 (Mo.App. E.D.1991). A license does not vest any title, interest or estate in the licensee and may be revoked at the will of the licensor. *Annin v. Lake Montowese Development Company, Inc.,* 759 S.W.2d 240, 241 (Mo.App. E.D. 1988). In contrast, a lease is "any agreement which gives rise to relationship of landlord and tenant" and said "contract is for exclusive possession of tenements for a determinate period." Black's Law Dictionary, Fifth Edition (800). A landlord-tenant relationship is created when: (1) there is reversion in the landlord; (2) creation of an estate in the tenant either at will or for a term less than that which the landlord holds; (3) transfer of exclusive possession and control of the tenant; and (4) a contract. *Chubb Group of Insurance Companies v. C.F. Murphy & Associates, Inc.,* 656 S.W.2d 766, 777 (Mo.App. W.D.1983).

Applying the facts to this test, Kimack's agreement with Owners comprises a lease rather than a license. Owners and Kimack had agreed to a rental fee for the period of one month and, at the termination of the rental period, the condominium would revert to the possession of Owners. They held a fee simple in the condominium while Kimack had an interest for a limited duration, i.e., one month. Kimack's actions of payment of the security deposit and rental payment along with the receipt and possession of the condominium keys fulfilled the intention of the parties to Kimack's exclusive possession of

**508**

the condominium property. The evidence reveals that the parties stipulated to the fact that they had reached an oral contract. Even without the stipulation, this evidence strongly suggests that there was a fully executed contract. Accordingly, the agreement between Kimack and Owners was an executed lease.

■ Kimack asserts that, even if the agreement was a lease, the agreement was merely executory and an agreement to lease and, therefore, he is relieved of liability for his nonpossession. While we have established that we disagree with the premise that the agreement was executory, and not an executed lease, we will address the issue for purposes of clarification. The issue of liability for nonpossession by a lessee to an executory lease has not been expounded on conclusively in Missouri, although it has been implied that liability does exist. Several jurisdictions, however, have held that, generally, a lessee is not relieved of liability for nonpossession under an executory lease.[1] We believe this view to be most firmly rooted in common sense and justice. Accordingly, as a general rule, mere nonpossession will not relieve a proposed lessee of liability in Missouri.

■ Kimack's first issue on appeal contends that Owners are not entitled to retain the prepaid rent. We disagree. Upon default of a tenant, the landlord has three options: (1) to remain out of possession, treating the term as subsisting and to recover rent; (2) give notice to the tenant, take possession and attempt to mitigate damages with the tenant being held liable for the loss; or (3) resume possession without notice and terminate the lease. *Babcock v. Rieger*, 76 S.W.2d 731, 735 (Mo.App.1934). While this case is not "a default of rental payments case" as is *Babcock*, the principal is applicable to the factual circumstances of this appeal.

Here, the owners chose to remain out of possession and treat the term as subsisting.

When Kimack informed Owners that he was not going to occupy the condominium, Owners began to run another advertisement in the newspaper, thereby, attempting to mitigate their damages even though Owners did not have a duty to mitigate under the first option of *Babcock*. *Adkins v. Hobson & Son, Inc.*, 666 S.W.2d 951, 957 (Mo.App. W.D. 1984). They were unsuccessful in locating another lessee to assume the remaining term. Owners resumed possession of the condominium only during the last five days of the lease term. They are entitled, as the trial court so held, to retain the prepaid rent less the amount for the time in which they took possession of the condominium.

The trial court had substantial evidence, and did not erroneously declare or apply the law in its decision.

Judgment affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.

**1.** *See* 85 A.L.R.3rd, LESSEE'S REFUSAL TO TAKE POSSESSION § 5, p. 524, citing *Donovan v. Schoenhofen Brewing Co.*, 92 Mo.App. 341, later app 102 Mo.App. 427, 76 S.W. 715 (Mo. App.1903); *Arthur Treacher's Fish & Chips, Inc.*

*v. Chillum Terrace Limited Partnership*, 272 Md. 720, 327 A.2d 282, later app 29 Md.App. 320, 347 A.2d 568 (1975); *United Theatres Co. v. United States*, 67 Ct.Cl. 432, 1929 WL 2604 (1929).