**Loren J. HILL and Margie Hill, Plaintiffs–Respondents,**

**v.**

**Charles S. EADS, Defendant–Appellant.**

**No. 21892.**

Missouri Court of Appeals,
Southern District,
Division One.

June 24, 1998.

Charles Buchanan, Joplin, for Defendant–Appellant.

J. Gregory Powell, Roberts, Fleischaker, Williams, Wilson & Powell, Joplin, for Plaintiffs–Respondents.

PREWITT, Judge.

Plaintiffs sought to enjoin Defendant from interfering with their removal of a building from real property owned by Defendant. Following non-jury trial, Plaintiffs received the relief requested. Defendant appeals.

Review is under Rule 73.01(c). For an interpretation of that rule, see *In Re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo. App.1990). "Due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2). Specific findings of fact were not made. "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(a)(3).

■ Defendant contends that the trial court erred in two respects. In his first point, Defendant asserts that the trial court erred "because the building was constructed by a tenant on land owned by the Defendant and under Missouri law titled improvements made by a tenant vest with the land owner." Countering this argument, Plaintiffs assert that there was no landlord-tenant relationship but that they had a license to construct and use the building on Defendant's land. *Kimack v. Adams*, 930 S.W.2d 505, 507 (Mo. App.1996), states:

A landlord-tenant relationship is created when: (1) there is a reversion in the landlord; (2) creation of an estate in the tenant either at will or for a term less than that which the landlord holds; (3) transfer of exclusive possession and control of the tenant; and (4) a contract.

■ A license is a privilege to enter certain premises for a stated purpose and does not vest any title, interest or estate in the licensee. *Hermann v. Lynnbrook Land Co.*, 806 S.W.2d 128, 130 (Mo.App.1991). A license, generally, can be revoked at the will of the licensor. *Id.*

■ For there to be a landlord-tenant relationship, it must be shown that the agreement gave the tenant exclusive possession of the premises, or a portion thereof, and if the evidence shows "only that the agreement conferred a non-exclusive privilege to use or occupy the premises, then the agreement will be deemed a license." *Chubb Group of Ins. Cos. v. C.F. Murphy & Assoc., Inc.*, 656 S.W.2d 766, 778 (Mo.App.1983). By asserting that a landlord-tenant relationship was created, Defendant had the burden to establish by the evidence, facts and circumstances that such a relationship existed. *Sherman Inv. Co. v. Sheehan*, 199 S.W.2d 922, 925 (Mo.App.1947).

■ There was evidence that Plaintiffs had only a non-exclusive right in the use of the premises. The trial court thus had a reasonable basis to find that Defendant did not meet his burden of proof and that there was no landlord-tenant relationship, but rather that Plaintiffs were granted a license. The parties have not cited any cases in Missouri or elsewhere regarding the right of a licensee to remove a building he constructed on the owner's land. Regarding the right of the licensee, Plaintiffs cite only the language in *Hermann*, 806 S.W.2d at 130, stating:

In order to avoid an otherwise harsh working of the law, courts of equity may apply equitable estoppel in situations where the licensee made material expenditure of money or labor to secure the enjoyment of his use. *Gibson v. Sharp*, 277 S.W.2d 672, 677 (Mo.App.1955). In such cases the relations of the parties may not be severed at the whim and by the act of the licensor alone. They may only be severed, if at all, on equitable principles. *Id.*

We likewise have found no Missouri decisions on this specific issue. In *Forbes v. Forbes*, 137 N.J. Eq. 520, 46 A.2d 62 (N.J.Ch. 1946), the defendant wished to remove two buildings on another's land. Regarding this right, in a syllabus prepared by the court, it is stated at 62–63:

2. Permission from the owner of land to another to erect and occupy a building upon his premises, altho not given in writing, will make the building, when erected, the property of the builder. But this permission, properly called a license, is revocable at any time; on revocation, the licensee is entitled to the building and may remove it.[1]

. . . .

4. The doctrine that a structure, however costly, if placed upon the land of another by permission, which permission may be recalled at any time, becomes, in the absence of specific agreement, irrevocably attached to the land upon which it is placed, is manifestly opposed to the intention implied in the very transaction. The inference springing out of such a license is that the land used is to be left as found, and the property so placed thereon shall remain the property of the user, and be removable as such.

*Forbes* is consistent with the language in *Hermann* above quoted, and we follow *Forbes*. The trial court was justified in finding that the parties were operating under a license agreement, and, as there was no contrary understanding, the Plaintiffs had a right to remove the building. Point I is denied.[2]

For his second point, Defendant asserts that the court erred "because the evidence showed the building was paid for by Lor–Mar Drilling, Incorporated, a corporation owned by the Plaintiffs and that they have no standing to request removal of the building."

Again deferring to the trial court on the issue of credibility, it could find that Plaintiffs paid for the building. Plaintiff Loren Hill testified without objection that he took the money from Lor–Mar Drilling, Inc. to build the building and "then the money was charged back . . . as a loan." This evidence was before the court and was sufficient to find that Plaintiffs constructed the building. Defendant contends that later such testimony was excluded because of the best evidence rule. However, the page cited does not support this assertion. In any event, it occurred after Mr. Hill testified that the property was constructed with funds borrowed from the corporation. At the page cited by Defendant, Mr. Hill testified that he and his wife were the owners of the building and was then asked, "Is that correct?" Following his answer of "Yes, sir," Defendant's counsel stated:

Your Honor, I'm going to object to that. That calls for a legal conclusion. He's already testified that Lor–Mar Drilling, a corporation, paid for the building. For him to testify that he owns the building, when someone else paid for it, asks for a legal conclusion. And if there is some evidence that the corporation has transferred the property to him, it violates the best evidence rule, because that transfer should be brought to the Court as evidence of the transfer.

The trial judge sustained the objection, but no action was requested regarding the earlier testimony of the "loan." By so noting we do not imply that such request would or should have been successful. Point II has no merit and it is denied.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.

---

1. Except for the last clause of the paragraph (following the semi-colon), this follows a quote in the opinion from "Judge Cooley in his Fourth Edition of Blackstone's Commentaries [ON THE LAWS OF ENGLAND], Vol 2, page 297" (1899). *See Forbes*, 46 A.2d at 64. In 1816, the Third Territorial Assembly of Missouri generally adopted the common law of England as it was prior to the fourth year of the reign of James the First (1607).

I TERRITORIAL LAWS, p. 436. With changes not relevant here this adoption is still in effect. *See* V.A.M.S. § 1.010 and Historical Note following.

2. As the trial court may have found that Plaintiffs were licensees, their rights had they been tenants, is not an issue necessary to discuss.